## TOBIN v. STATE*
### (No. 1357; May 3, 1927; 255 P. 788.)

CONSTITUTIONAL LAW—WAIVER OF RIGHTS—SEARCHES AND SEIZURES
—GAMBLING DEVICES—CRIMINAL LAW—EVIDENCE.

1. Clear and positive testimony is required to show waiver by a citizen of his fundamental constitutional rights.

2. In order to show consent to search without warrant which would otherwise be illegal, under Const. Wyo. art. 1, §§4, 6, 11, the testimony must show that the consent was really voluntary with a desire to invite search, and not merely to avoid resistance, in view of Const. U. S. Amends. 4, 5.

3. Where search was conducted without warrant, fact that sheriff and his deputies found gambling devices or gambling being conducted *held* immaterial, as affecting legality of search.

4. In prosecution for permitting gambling game, refusing to suppress and admitting evidence obtained by search without warrant or owner's consent *held* error.

5. In prosecution for permitting a gambling game known as twenty-one, contrary to Comp. St. 1920, § 3391, admitting testimony that a game of poker and other games were being conducted by defendant and others in the same room at the same time *held* not error.

6. When, offense has been fixed as to time and place, the proof should be confined to such offense; evidence of one distinct substantive offense not being admissible in support of another.

7. Where another distinct crime is committed as part of the same transaction, evidence of this other distinct crime is admissible.

8. Where information charged in one count conducting a gambling game known as twenty-one, contrary to Comp. St. 1920, § 3391, and in the other count permitting such game, acquittal of conducting game under the first count *held* not to bar conviction under the second count.

*See Headontes: (1) 12 CJ p. 770 n. 41 New. (2) 35 Cyc. p. 1269 n. 40 New. (3) 35 Cyc. p. 1269 n. 40 New. (4) 16 CJ p. 571 n. 93. (5) 16 CJ p. 600 n. 24, 25. (6) 16 CJ p. 586 n. 98. (7) 16 CJ p. 574 n. 56. (8) 16 CJ p. 280 n. 79.

ERROR to District Court, Natrona County; CYRUS O. BROWN, Judge.

R. S. Tobin was convicted of permitting a gambling game known as twenty-one, and he brings error.

See, also, 31 Wyo. 355, 226 P. 681.

*E. E. Enterline*, for plaintiff in error.

Principles decided by the appellate court, in the case, are binding, where the evidence in the second trial is substantially the same; Haley v. Kilpatrick, 104 Fed. 647; Town v. Hickman, 208 Fed. 118; Easterly v. Jackson, 92 P. 480; McEwen v. Ins. Co., (Cal.) 201 P. 577; Ingals v. Smith, (Kan.) 167 P. 1040; Powell v. Co., 231 P. 307. The doctrine is the same when applied to civil cases; Wellman v. State, (Ga.) 29 S. E. 761; Stephens v. State, (Ga.) 32 S. E. 344; State v. Morrison, (Kan.) 72 P. 554. There is no error in giving an instruction approved by a former appeal; Ross v. Comm. (Ky.) 59 S. W. 28. It is error to give an instruction condemned on a former appeal; Selby v. Comm. (Ky.) 89 S. W. 296. Where the evidence in a subsequent trial is the same as the first, a rule on it is sufficient for the law of the case; Argobright v. State, (Neb.) 87 N. W. 146; Carstenson v. Brown, (Wyo.) 236 P. 517; State v. Tobin, 31 Wyo. 355. The court erred in denying defendant's petition for the return of property; Sec. 3394 C. S.; Peterson v. State, (Wyo.) 194 P. 342; Wiggin v. State, (Wyo.) 206 P. 373; State v. George, (Wyo.) 231 P. 683; Mc Fadden on Prohibition, Sec. 36,

42–43. The court erred in receiving testimony of other offenses than the offense charged; Fields v. Territory, 1 Wyo. 78; State v. Lowry, 29 Wyo. 251; State v. Wells, 29 Wyo. 335; Johnson v. Comm., (Ky.) 256 S. W. 388; Elliott v. State, (Ariz.) 164 P. 1179. The verdict of the jury is silent on the second count and acquittal thereon is presumed; 27 R. C. L. Sec. 28; State v. Casey, (Mo.) 105 S. W. 645; Bicraft v. People, (Colo.) 70 P. 41; City v. Shepler, (Kan.) 201 P. 78; Jolly v. U. S., 170 U. S. 402. The legislature in amending Section 2178 R. S. 1899 merely struck out the clause "except under a license" and inserted as an additional prohibited game, "any slot machine", and in amending 2183 R. S. 1899 struck out "except by a person who has received a license, etc."; Secs. 3389 , 3391 C. S. 1920. It is necessary to examine the history of the law and the decisions in order to gain an understanding of the purpose of the amended enactment; Co. v. City, (Wyo.) 222 P. 1; Dowdy v. Wambel, (Mo.) 19 S. W. 489; Grimes v. Reynolds, (Mo.) 68 S. W. 588; 83 S. W. 1132; People ex rel Dolan, 5 Wyo. 245; requires strict construction of penal statutes; 5532 C. S.; State v. Thompson, 15 Wyo. 135; State v. Hall, (Wyo.) 194 Pac. 476; State v. Mead, (Wyo.) 240 P. 208. Before a man can be punished, his case must be within the statute; Ex Ex parte Moore, (Ida.) 244 Pac. 662; U. S. v. Bathgate, 246 U. S. 220; State v. Tuffs, 165 P. 1107. The information must allege either ownership or employment to constitute a crime; State v. Manolis, (Wash.) 221 P. 326. Statutes of a penal character are strictly construed; 5532 C. S. In an information charging an offense, where no specific form is prescribed by statute, every essential ingredient of the offense must be stated; 27 C. J. 1017; McGinnis v. State, 16 Wyo. 72; Hall v. State, (Wyo.) 194 P. 476.

*W. O. Wilson,* Attorney General and *James A. Green-
wood,* Deputy Attorney General *(David J. Howell,* former
Attorney General, and *John C. Pickett,* former Assistant
Attorney General, on the brief) for defendant in error.

We concede that principles and rules decided on in a
former appeal are the law of the case; 4 C. J. 1213.   In
the former decision reported in 31 Wyo. 371, this court
found the information and warrant to be regular; an
officer making a lawful arrest may seize such property
as he has reason to believe is connected with the offense
for which the arrest is made; 1615, 1616 C. S.; and may
search a party after a lawful arrest; State v. George, 32
Wyo. 223.   An officer making a lawful arrest may seize
property connected with the offense; Wiggin v. State, 28
Wyo. 480; State v. Brown, (Wash.) 145 P. 69; Holker v.
Kennessey, (Mo.) 42 S. W. 1090; People v. Cona, (Mich-
igan) 147 N. W. 525; Yeoman v. Commonwealth, (Ky.)
224 S. W. 660.   A person permitting more than one game,
on the same day, could not be prejudiced by the intro-
duction of evidence of different acts; State v. Jackson,
(Mo.) 146 S. W. 1166; Martin v. State, (Ala.) 56 So. 64;
Rasor v. State, (Tex.) 121 S. W. 512; Stapleton v. State,
(Ark.) 97 S. W. 296; State v. Willette, (Mont.) 127 P.
1013; People v. Morani, (Cal.) 236 P. 135; 16 C. J. 574.
Section 3389 C. S. makes either an owner or an employee
guilty; defendant was convicted under  Section  3391
which includes any person who shall permit any game
or games to be carried on in any house, tent, booth or shed
owned or occupied by him or her; charging that an act
was willfully done is sufficient, even though the statute
contains  the  word  "maliciously";  State  v.  Tiffany,
(Wash.) 87 P. 932; Edwards v. State, 56 So. 401; Smith
v. Farley, 140 N. Y. S. 990.   The ordinary meaning of.the
words "and" and "or" is used interchangeably in con-
struing a statute, when the meaning of the language used
is plain that the Legislature intended that the word should
be conjunctive and not disjunctive; Abbey v. Board,

(Cal.) 209 P. 709; People v. Emerson, (Ill.) 134 N. E. 707; Six Words and Phrases, 1st Series, 5001. It is unnecessary to charge that the games were conducted by defendant as owner or employee; 27 C. J. 1013; People v. Sam Lung, (Calif.) 11 P. 675; Tucker v. State, (Okla.) 191 P. 201; State v. Smith, (Wash.) 108 P. 618. No prejudicial error was committed.

Before BLUME, Chief Justice, ILSLEY, District Judge, and RINER, District Judge.

ILSLEY, District Judge.

This case is here on proceeding in error to review a judgment entered on a conviction of defendant for permitting a gambling game known as twenty-one, as charged in the information under section 3391, W. C. S. 1920.

1. Before the trial of the case in the court below, a petition to suppress the evidence was presented and a hearing had thereon. The defendant claimed that while he occupied the basement of the Becklinger building, the sheriff of Natrona County and some six deputies, without a warrant or authority of the law, entered the basement of the building and unlawfully searched the basement and seized certain articles which were later introduced in evidence on trial; that all of this was in violation of sections 4, 6 and 11 of article 1 of the Constitution of the State of Wyoming. The evidence presented at this hearing fairly shows that Tobin occupied the basement of the Becklinger building; that the sheriff was let into the building, after trying the door, by a man on the inside who was working for Tobin; that no legal warrant was shown or served; that the sheriff was not invited in; that the defendant claimed the place to be a club house. Tobin testified:

"Q. You never made any objection or remonstrances about anything that he did do at the time that he came in, did you? A. Well I recognized him as the sheriff and I didn't think it would help me to make any objection. Q. And therefore you didn't make any? A. No sir."

Defendant claimed that Silver (the man who let the sheriff in) had no authority to let anyone in except members of the club; that he did not invite the sheriff and his men in, and that they were not in his place by his consent. No authority of Silver to let them in was shown or attempted to be shown. The State claimed that the officers had a right to search and seize the gambling paraphernalia because the defendant consented. The question here presented is whether or not the evidence, as above outlined, constitutes a consent of Tobin to the search.

First of all, we believe that a waiver of the citizen's fundamental, constitutional rights must appear by clear and positive testimony, and if the search and seizure are based upon the proposition that consent was given to the officers, there should be no question about it in the evidence submitted.

Every good citizen is to be commended for cheerfully submitting to the laws of the country and for respecting lawfully constituted authority. Even where the citizen knows the officer is wrong or is exceeding his authority, and is placed in a position, by an officer who has assumed to act in his official capacity, of peacefully submitting or resenting such action by force, he ought not, by peaceful submission, be held to have waived his constitutional rights by consenting to a search or an arrest. Such acts ought not to constitute consent to an unlawful arrest, but rather peaceful submission to officers of the law. The courts do not put the citizen in the position of either contesting an officer's authority by force, or waiving his constitutional privileges.

And, therefore, evidence obtained by search can only be used where the testimony clearly shows that the consent was really voluntary and with a desire to invite search, and not done merely to avoid resistance. It has been held in United States v. Kelih, (D. C.) 272 Fed.484:

"Before a court can hold that a person can waive any of his fundamental, constitutional rights, the court must be able to find that the contention of the waiver is sustained by clear, positive testimony."

See also United States v. Lydecker, (D. C.) 275 Fed. 976. And we think it well stated in Re Tri-State Coal & Coke Co. et al., (D. C.) 253 Fed. 608:

"Any asquiescence by some agent as to the seizure and detention of the books and papers was simply a choice of evils, when confronted by an officer of the United States, armed with a warrant which he was determined to execute. By virtue of no such means can the high constitutional rights of a citizen be invaded or taken away."

And again in Veeder v. United States, (C. C. A.) 252 Fed. 414, it is said:

"One's home and place of business are not to be invaded forcibly and searched by the curious and suspicious, not even by a disinterested officer of the law, unless armed by a search warrant."

The Supreme Court of the United States has declared the importance of the observance of the rights guaranteed under the Constitution of the United States by the Fourth and Fifth Amendments. Boyd v. United States, 116 U.S. 616; 6 S. Ct. 524; 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383; 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915 B, 834, Ann. Cas. 1915 C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319.

It is well stated in Gouled v. United States, 255 U. S. 305, 41 S. Ct. 263, 65 L. Ed. 647, that:

"The prohibition of the Fourth Amendment is against all unreasonable searches and seizures, and if for a Government officer to obtain entrance to a man's house or office by force or by an illegal threat or show of force, amounting to coercion, and then to search for and seize his private papers, would be an unreasonable and therefore a prohibited search and seizure, as it certainly would be, it is impossible to successfully contend that a like search and seizure would be a reasonable one if only admission were obtained by stealth instead of by force or coercion."

And again in Amos v. United States, 255 U. S. 313; 41 S. Ct. 266, 65 L. Ed. 654:

"The contention that the constitutional rights of defendant were waived when his wife admitted to his home the Government officers, who came without warrant, demanding admission to make a search of it under Government authority, cannot be entertained."

See also Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, in which case the case of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, is distinguished.

The fact that the sheriff and his deputies found gambling devices, or gambling being conducted on January 23rd, we do not think would be material, because:

"A search prosecuted in violation of the Constitution is not made lawful by what it brings to light; and the doctrine has never been recognized by this court, nor can it be tolerated under our constitutional system, that evidences of crime discovered by a federal officer in making a search without a lawful warrant may be used against the victim of the unlawful search where a timely challenge has been interposed." Byars v. United States, (Advance Sheets) 47 S. Ct. 248, 71 L. Ed. 332.

The question of a search and seizure has been discussed quite fully in some of its phases by this court in the following cases: State v. Peterson, 27 Wyo. 185; 194 P. 342, 13 A. L. R. 1284; Wiggin v. State, 28 Wyo. 480; 206 P. 373, State v. George, 32 Wyo. 223; 231 P. 683; State v. Crump, (Wyo.) 246 Pac. 243.

We think that no consent of Tobin to the search herein was shown and it therefore follows that the petition to suppress the evidence should have been granted, and it was error to allow the introduction of any of the evidence thus obtained.

It was formerly held in this case that the information was sufficient. State v. Tobin, 31 Wyo. 355, 226 P. 681.

2. The trial court refused to permit the State to introduce evidence as to games permitted on January 23rd, but confined the testimony to the date of January 22nd, and more especially to the game of twenty-one conducted by the witness Vance. Counsel for the defendant complain that the court erred in permitting the witness Burns and others to testify as to the game of poker and other games that were being conducted by Burns and others in the same room, at the same time and on the same evening —namely on the evening of January 22nd.

This court has already held, and we think correctly so, that but one offense was charged in each count of the information. State v. Tobin, 31 Wyo. 355, 226 P. 681. We do not think, accordingly, that the foregoing ruling of the court was error. The objection made is, in our opinion, too refined and technical to merit our approval Attention is called to the case of Fields v. Territory, 1 Wyo. 78. In that case the date of the offense charged was fixed January 1, 1872, and the court permitted evidence of similar offenses on January 7th and 8th, and even within two years prior to January 27, 1872. The court said:

"Evidence can only be offered tending to prove. one distinct offense, and when such offense has been fixed as to time and place, the proof should be confined to it alone, the rule being that evidence of a distinct, substantive offense, cannot be admitted in support of another offense."

We adhere to that rule, which was re-stated in State v. Wells, 29 Wyo. 335, 212 P. 1099. But the holding of these cases must be construed in the light of the facts shown therein, and they do not, we think, go the extent claimed by counsel for appellant, although some language used therein might be interpreted as doing so.

Evidence of another distinct crime is admissible where it was committtted as a part of the same transaction. 14 C. J. 574. And we have recognized the proposition that:

"When under any exception to the general rule excluding evidence of other crimes, such evidence is admitted, it is not for the purpose of permitting the accused to be convicted of another crime but merely as relevant proof tending to establish his guilt of the offense charged." State v. Lowry, 29 Wyo. 274, 212 P. 770.

We think it has been well said, upon this principle at least, that:

"If the same person violates the statute by keeping more that one table, at the same time and place and as one transaction, there is no more reason for dividing such act into so many separate and distinct felonies as there were tables than there would be for making the number of felonies equal the number of animals stolen under the statute making it grand larceny to steal 'any horse, mare, colt,' etc. It is a felony to steal one horse, but the theft does not amount to two felonies because instead of one two are stolen. If the accused, as part of the same transaction and with the same felonious purpose, sets up and keeps two gambling tables, whether the same or different in kind, no valid reason can be given why he may not be prosecuted for such act as if he had set up

and kept but one. Upon the trial of the case, if it should be developed by the evidence that the tables were not set up or kept as one transaction, at the same time and place, then the State should be required to elect upon which table it would ask a conviction.'' State v. Jackson, 242 Mo. 418, 146 S. W. 1166.

Smith v. State, 40 Fla. 203, 23 So. 854; Stapleton v. State, 80 Ark. 617, 97 S. W. 296; King v. State, 99 Tex. Cr. Rep. 425, 269 S. W. 1042; Sanchez v. State, 90 Tex. Cr. Rep. 156, 233 S. W. 982; State v. Willette, 46 Mont. 326, 127 Pac. 1013; People v. Savage, 225 Mich. 84, 195 N. W. 669; State v. Spencer, 97 W. Va. 325, 125 S. E. 89.

In the case at bar the testimony objected to appears to have related to the same time and place and to the same transaction charged in the information, although that one transaction involved several kinds of games, and it was not, accordingly, error to admit the testimony relating thereto. Whether or not the State might not elect to charge the conducting or permitting of each of the games as a separate crime is not involved herein and is not decided.

3. Counsel contends, as near as we understand it, that this court held on the former appeal that the ''permitting'' of the game was ''merged'' with the ''conducting'' of it, and that inasmuch as in the last trial the defendant was acquitted of the ''conducting'' of the game, the crime of ''permitting'' it necessarily falls with it under the former holding of this court. In the former trial of the case, the defendant was convicted both of conducting and permitting the game, and we held that the defendant could not be sentenced for both, inasmuch as the conviction was upon the identical state of facts which, in the nature of things, could constitute but one crime, and that sentence upon both counts necessarily would be punishing the same crime twice. That is all that was held, and nothing said in the former opinion

can be construed as preventing a conviction upon either count, although, when based on the same state of facts, conviction cannot be had upon both. In the case at bar the defendant was convicted upon only one of the two counts in the information, namely the "permitting" count, instead of the "conducting" count. We find no error in this respect.

We believe with reference to the other questions raised, that they are fully covered in the former case of State v. Tobin, 31 Wyo. 355, 226 P. 681, and in the case of Middleton v. State, 255 P. 786, just decided by this court.

Because of the error in overruling the petition to suppress the evidence and allowing to be introduced in evidence the articles seized and the information obtained, the judgment herein is reversed and the case remanded for a new trial.

*Reversed and Remanded.*

BLUME, C. J., and RINER, District Judge, concur.