The People of Puerto Rico, Plaintiff and Appellee, *v.* Santiago Nieves Marzán, Defendant and Appellant.

No. 11864. Argued March 12, 1947.—Decided May 8, 1947.

F. *Hernández Vargas* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

Appellant was accused of the offense of carrying a weapon and violating the Act providing for the registration of firearms. Since both cases are intimately connected, they were consolidated for trial. The evidence for the prosecution consisted of the testimony of detective José A. Díaz. The latter testified that on the day of the occurrence he entered a small establishment in Ferrer Street, in Santurce, where he met the defendant; that the latter had two watches in his hand which he was showing to the owner of the establishment; that on the counter there was a paper bag containing something; that when the defendant saw the witness he laid his hand on the bag and then the witness asked: "What is that?"; that when the defendant took out the contents of the bag he realized that it was a revolver; that the witness seized the weapon and the defendant admitted that it belonged to him, that he had purchased it in Cataño, adding later that he was carrying it for repairs. At the trial the defendant admitted that the revolver had not been registered. At the close of the witness's testimony the district attorney offered the revolver in evidence. The defense objected on the ground that the evidence had been illegally obtained. Ruling on the objection the lower court said: "The revolver could not be seen. There is no doubt that the search was illegal." However, the court sustained the objection solely as to the case of carrying a weapon. The defense then offered evidence tending to establish that the defendant had not admitted that he was the owner of the revolver. At the close of the defendant's evidence the court acquitted the defendant of the offense of carrying a weapon, but found him guilty of a violation of the Act providing for the registration of firearms. He appealed and his arguments hinge on whether the lower court erred in admitting in evidence the revolver in the case of failure to register the weapon and in admit-

ting the testimony of the detective as to the seizure of the weapon, notwithstanding the fact that this evidence was rejected in the other case.

■ Following the logical order, the first question for decision is whether, supposing that the search of the defendant and the seizure of the weapon were illegal, it was proper to object to the admission of the weapon and of the detective's testimony with respect to the seizure since a motion to suppress said evidence was not filed prior to the objection. The general rule is to the effect that the procedure to prevent that evidence unlawfully obtained be presented, is by a motion asking for the suppression of the evidence filed prior to the trial. *People* v. *Capriles,* 58 P.R.R. 551 and *People* v. *Figueroa,* 59 P.R.R. 909.

■■ In the *Capriles* case, *supra,* when stating the general rule that the motion should be filed before the trial, an exception was set forth. This exception is to the effect that if it is shown or if it appears from the evidence that the defendant learned for the first time in the course of the trial that the evidence unlawfully obtained was in the hands of the district attorney or that the latter intended to present it against him, the motion to suppress it may be filed even if the proceeding has to be interrupted to decide this collateral question.

This exception is evidently predicated on the injustice that would arise in such cases if defendant were precluded from invoking his constitutional right against unlawful searches.

But the one we have just stated is not the only exception. There is another exception to the effect that in cases where the evidence offered has been unlawfully obtained, if while the evidence for the prosecution is being introduced, it is made to appear by the direct or cross examination that the evidence was unlawfully obtained—as we have supposed in the present case—and therefore it is unnecessary to inter-

rupt the proceedings in the case to decide a collateral question, the defendant may object to its admission, even if he knew before the trial that said evidence was intended to be presented against him and despite the fact that he had moved for its suppression before the trial and such motion had been denied. As stated in *Gouled* v. *United States,* 255 U. S. 298, 312 (1921): "A rule of practice must not be allowed for any technical reason to prevail over a constitutional right."[1] *Agnello* v. *United States,* 269 U. S. 20, 34 (1925); *Amos* v. *United States,* 255 U. S. 313 (1921); *Salata* v. *United States,* 286 F. 125 (C.C.A. 6th., 1923); *Holmes* v. *United States,* 275 F. 49 (C.C.A. 4th., 1921); *Shuck* v. *State,* 59 N.E. (2d) 124 (Ind. 1945); *State* v. *Raum,* 21 P. (2d) 291 (Wash. 1933) and *State* v. *Dersiy,* 215 Pac. 34 (Wash. 1923).

So far we have assumed that, under the circumstances of this case, the evidence in question was unlawfully obtained. But we have shown that the illegal manner of obtaining the evidence may be raised by objecting to its introduction. So we shall turn to determine whether the evidence was illegally obtained.

 The record shows that the defendant and the detective were acquainted prior to the incident. The detective testified that he was acquainted with defendant and knew that he lived not far from the establishment. And although the

---

[1] The various circumstances under which the rule in connection with the suppression of evidence unlawfully obtained may be applied, are clearly set forth in *State* v. *Dersiy,* 215 Pac. 34, as follows:

"(1) Where by the direct or proper cross-examination of the state's witnesses, it is made to appear, or it is otherwise admitted, that the articles which are offered in evidence were unlawfully seized. Under those circumstances, it is the duty of the trial court, upon objection, to refuse to receive them in evidence. No question of fact exists under these circumstances. The court is only called upon to rule on the admissibility of evidence upon admitted or conceded facts. It is not required to stop in the midst of the trial and try a collateral fact..

"(2) Where, during the trial, the seized articles are offered in evidence, and it does not appear from the state's testimony, or otherwise, that such articles were unlawfully seized, and objection is made to the introduction of such evidence, on the ground that it was unlawfully seized, and the defendant

defendant did not expressly testify that he was acquainted with the detective, his conduct in trying to protect himself by placing his hand on the paper bag when he saw the witness come in, tends to show that he knew that José A. Díaz was a detective. We have already seen that when the detective questioned the defendant as to the contents of the bag the revolver was not visible nor was the defendant at that time under arrest. Under such circumstances, the defendant could have refused to disclose the contents of the paper bag but placed in the alternative of peacefully obeying the detective or resisting his demand by force, the fact that he chose the former cannot be considered as a waiver of his constitutional right to refuse to be searched under said conditions. *Tobin* v. *State,* 255 Pac. 788 (Wyo. 1927).

██ It is not necessary for a citizen in order to invoke his constitutional right against unlawful searches to offer resistance to a peace officer who tries to search him without authority. To require such a resistance is contrary to public policy, for it would compel peaceful and law-abiding citizens to risk their lives or be exposed to receive serious bodily harm in order to enforce their constitutional right which they may invoke by orderly means afforded by law. A waiver of this constitutional right must be shown by clear and positive testimony. Mere acquiescence is no waiver. 31

---

offers by affidavit, or otherwise, to prove such unlawful seizure, the court should receive the articles in evidence, because it will not, at that stage of the proceedings, stop to investigate the disputed circumstances under which the articles were seized. If, under these circumstances, the defendant desires to suppress, as evidence, the articles taken, he must, within a reasonable time before the case is called for trial, move for such suppression, and thus give the court an opportunity to separately try out this disputed question of fact. One exception to this rule would be:

"(3) Where, during the trial of the case, the defendant objects to the receiving of the articles in evidence, on the ground that they had been unlawfully seized, and offers to prove such unlawful seizure, and to further prove that, by the exercise of reasonable diligence, he could not before have learned that the articles had been unlawfully seized, the court should stop in the trial of the case and determine the collateral issue concerning the legality of the seizure."

Yale Law Journal, 518, 520. Therefore, when defendant took the revolver out of the paper bag under the circumstances set forth, he did not waive his constitutional right. Consequently, the search and seizure of the weapon were illegal and any evidence with respect to defendant's possession of the weapon should have been suppressed. *People* v. *Rosado,* 62 P.R.R. 187.

Disregarding the evidence unlawfully obtained, the rest of the evidence is not sufficient to support the conviction. The judgment of the lower court must be reversed and the defendant discharged.

Mr. Justice Marrero did not participate herein.