**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony F. ALTAVILLA, Defendant-
Appellant.**

**No. 24003.**

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1969.

---

Paul J. Fisher (argued), Seattle, Wash., for appellant.

J. Byron Holcomb (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before MERRILL, CARTER and TRASK, Circuit Judges.

TRASK, Circuit Judge.

This is an appeal by Anthony F. Altavilla from his conviction for concealing and facilitating the transportation and concealment of heroin imported contrary to law in violation of 21 U.S.C. § 174.

On September 10, 1968, federal narcotics agents and officers of the Seattle, Washington, Police Department raided a Seattle motel room believing it to contain heroin. They found and arrested appellant, one David Waligorsky, and an eighteen year-old girl. At appellant's trial, one of the officers testified that, when they entered the room, appellant immediately threw a package out of the window. Another officer retrieved the package and found it to contain fifty-four grams of heroin. Waligorsky, who pled guilty to an offense under § 174, testified that he, rather than appellant, threw the heroin out of the window. The girl testified that she saw neither man throw anything out of the window. The officer's testimony is the only direct evidence of the offense charged. Appellant defended the charge at trial on the ground that he was "in the wrong place at the wrong time."

Appellant elected not to take the stand. The prosecution commented on this failure to testify in the following manner:

"Unless it is explained to the satisfaction of the jury, the jury may conclude that this narcotic drug was illegally imported into the country, and that the defendant knew it was illegally imported into the country.

"There has been no testimony at all by the defendant in this case, or by anybody, as to his knowledge * * *"

At this point the court interrupted, excused the jury and admonished the prosecutor that such comment was improper. The court stated: "Now I will take care of it in my instructions, because the instructions of course say that the defendant is not required to present any proof."

Appellant's counsel did not move for a mistrial or ask that the court correct the error immediately upon the jury's return. He said only, "I am happy that the court excused the jury, because I was about to jump on it."

Upon the jury's return, the Judge made no mention of the impropriety of the prosecutor's remarks. Later, in his instructions to the jury, he did state:

"The law does not compel a witness [sic] to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn from the failure of a defendant to testify."

Moreover, he stated on at least five separate occasions in his instruction that the law does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Although appellant's counsel objected to two of the Judge's instructions, he did not raise an objection to these particular instructions. Neither did he offer any instructions of his own on this issue. Following trial, he moved for a mistrial on the ground of the prosecutorial comment. Upon denial of that motion, he appealed to this court. We affirm.

█ We think that the prosecutor's comment was improper in light of 18 U. S.C. § 3481, Wilson v. United States, 149 U.S. 60, 65, 13 S.Ct. 765, 37 L.Ed. 650 (1893), and Griffin v. California 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The test of whether a comment is improper is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955). Hayes v. United States, 368 F.2d 814, 816 (9th Cir. 1966). We think the jury in the instant case could have so construed the language.

Where a statement is broken by interruption before its completion and the thought is not finished, an assessment of its effect is difficult to estimate from the cold record. Much can depend on the tone, the emphasis, the surroundings of the incident. Counsel for the appellant apparently did not appear to believe it was critical since no request for a mistrial was made then or before the case was submitted. The court's offer to correct the implication was accepted.

█ Such improper comment is not necessarily plain error requiring reversal where the trial court takes prompt and appropriate action to correct any mistaken implications the jury may have drawn from the comment. United States v. Bruzgo, 373 F.2d 383, 389 (3rd Cir. 1967). We are of the view that the trial court, by immediately admonishing the prosecutor and by instructing the jury that the defendant's failure to testify raises no presumption against him, acted in a manner sufficiently prompt and appropriate to cure the impropriety. The court did all it could, short of declaring a mistrial, to counterbalance the comment. See United States v. Knox Coal Co., 347 F.2d 33, 44–46 (3d Cir. 1965), cert. denied sub nom. Lippi v. United States, 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed.2d 157 (1965); United States v. DiCarlo, 64 F.2d 15, 17–18 (2d Cir. 1933). Cf. Langford v. United States, 178 F.2d 48, 54 (9th Cir. 1949), cert. denied, 339 U.S. 938, 70 S.Ct. 669, 94 L.Ed. 1355 (1950); Sterling v. United States, 333 F.2d 443, 446–450 (9th Cir. 1964), cert. denied, 379 U.S. 933, 85 S.Ct. 333, 13 L.Ed.2d 344 (1964). But see Collins v. United States, 383 F.2d 296, 302 (10th Cir. 1967).

We accept the experienced trial judge's assessment of the significance of the incident after the curative instructions were given and find that any error remaining was harmless beyond a reasonable doubt. 28 U.S.C. § 2111; Chapman v. California, 386 U.S. 18, 22, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

We have reviewed appellant's other allegations of error and find them without merit.

The judgment is affirmed.