Coy Lee **HALL**, Petitioner,

v.

Walter E. **CRAVEN**, Respondent.

Civ. No. 70–1405.

United States District Court,
C. D. California.

March 9, 1971.

Coy Lee Hall, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Mary Anne Sykulski, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a California State prisoner incarcerated at Folsom State Prison, Represa, California, following his conviction by a jury in the Long Beach Superior Court, Long Beach, California, for violating Penal Code, § 187 (Murder), and Penal Code, § 245 (Assault with a Deadly Weapon). On March 19, 1969, he was sentenced to the term prescribed by law, life imprisonment and six months to ten years respectively. Motion for new trial was denied, and on March 6, 1970, the judgment was affirmed on appeal by the Court of Appeal, Second Appellate District, in an opinion reported at People v. Hall, 5 Cal.App.3d 116, 85 Cal.Rptr. 188. The same Court denied a petition for rehearing March 25, 1970, and a hearing was denied by the California Supreme Court on May 15, 1970.

Petitioner makes the following contentions:

1. There was an illegal search and seizure of the vehicle involved.

2. Jury instructions regarding the felony-murder rule were inappropriate and inadequate.

3. The Court erred in failing to instruct, sua sponte, on manslaughter.

4. The evidence was insufficient to show premeditation or deliberation.

5. The prosecutor was guilty of prejudicial misconduct.

6. The trial Court did not make specific findings of fact on disputed matters on the hearing under Penal Code, § 1538.5.

7. A portion of the opinion of the Appellate Court is not supported by the evidence, or by the record.

A résumé of all the evidence at the trial by prosecution, defense and rebuttal is fully reported in the printed Opinion. From the proceedings, petitioner presents the following facts to support his contentions. About 11:30 P.M., April 30, 1968, a man with a woman's black net stocking over his head and face entered the Jaguar Bar, Wilmington, California. He fired a shot and a fight ensued between the gunman and various patrons, in the course of which Mr. Herman was shot and killed. The gunman was hit over the head by Mr. Schulter who was then shot and wounded. Thereafter, the gunman, bleeding profusely, fled and dropped the stocking mask on the sidewalk where it was later recovered by the investigating officers. He was followed by another patron, Mr. Szczesniak, who obtained a description and license number of the car in which he saw the gunman leave as a passenger. He gave these to the officers.

At about 3 A.M., May 1, 1968, El Segundo officers investigated a car parked across a sidewalk and found petitioner in it, bleeding from a head wound. Petitioner stated that he had been beaten up and was sick. He also said that he had run out of gas. The officers took petitioner to a local hospital where he was treated and released. A few hours later the officers learned that the man was a prime murder suspect and that the car was allegedly used for the getaway.

This information was previously obtained by the Los Angeles police who had traced the car to its owner. The latter stated that he had loaned the car to petitioner late the night before, April 30, 1968. Subsequently, the car in question was placed under surveillance alternately by the El Segundo and Los Angeles Police Departments, beginning May 1, 1968, about 6 A.M. in the expectation that petitioner would return to get it. At 3:30 P.M., it was decided that further surveillance was useless, and a Los Angeles police of-

ficer forced entry through a wind-wing window.

The officers testified that their purpose was to try to ascertain petitioner's whereabouts and to preserve any evidence or instrumentality of crime which might be in it. A number of items were seized, among them a .38-caliber revolver (later proved to be the murder weapon), a bloody shirt, and a woman's black net stocking which was on the seat in plain view from the outside (apparently identical to the stocking-mask recovered at the scene of the crime).

At about 6:30 P.M. the same day petitioner was picked up while hitch-hiking on the Old Pacific Coast Highway. After his arrest, fingerprints established his identity as a suspect in the crimes for which he was convicted. He had given a fictitious name at first and thus was unable to establish his identity.

After reviewing the Petition, two Supplemental Pleadings, the Response, the Traverse, two Supplemental Pleadings to the Traverse, the points and authorities presented by both parties, the Clerk's Transcript and Reporter's Transcripts (Volumes I through XI) of the Superior Court proceedings, and the Opinion of the Court of Appeals, Second Appellate District, State of California, published as previously noted, this Court is fully advised in the premises and orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

■ In his appeal to the State Courts, petitioner raised the same contentions as he advances here, and the Court of Appeal, in an exhaustive written opinion, determined them to be without merit. Since this Court has before it the complete record, we find that the State's fact-finding process was full and fair and apply the presumption of correctness under 28 U.S.C. § 2254(d). Piche v. Rhay, 422 F.2d 1309 (9th Cir. 1970); Watkins v. Wilson, 408 F.2d 351 (9th Cir. 1969). The burden is on petitioner to demonstrate

by convincing evidence and facts that the State Court findings were erroneous or not full and fair in order to bring himself within the exceptions noted in 28 U.S.C. § 2254(d), or that he was deprived of a federal right. Cancino v. Craven, 305 F.Supp. 539 (C.D.Cal.1970); Martinez v. Wilson, 357 F.2d 173 (9th Cir. 1966). This he has not done.

■ Petitioner's contention that the search of the vehicle without a warrant was illegal is without merit. The Appellate Opinion thoroughly discussed all the facts available to the officers, conclusively proving that it was used as the getaway vehicle in the crime, the suspect was bleeding from a head wound as was the petitioner later found in the car, and the stocking was plainly visible from outside. It appeared to match the one seized at the crime, and there is no question that an officer may seize that which is in plain view. Ponce v. Craven, 409 F.2d 621 (9th Cir. 1969); Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). The officers had a right to be where they were because the car had been identified, traced to petitioner, and they were hoping he would return. There is no question that there was reasonable cause to search the vehicle, since some evidence was in plain sight and they were seeking the instrumentality of the crime or more evidence. We find no error in law on these findings. Petitioner also claims that because of the length of time of the surveillance it would have been possible to obtain a search warrant. However, the relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable. United States v. Rabinowitz, 339 U.S. 56, 66, 70 S.Ct. 430, 94 L.Ed. 563 (1950).

■ Petitioner's next contention relates to the jury instructions. Erroneous jury instructions present only matters of state law and present no federal question where, as here, they do not amount to a denial of due process. La-

Brasca v. Misterly, 423 F.2d 708 (9th Cir. 1970).

■ Next, the fact that an unrequested instruction was not given sua sponte also raises no federal question, since there is no requirement that the Court do so. Peoples v. Hocker, 423 F. 2d 960 (9th Cir. 1970).

■ Petitioner's next contention relates to the sufficiency of the evidence concerning premeditation or deliberation. It has long been established that this writ cannot be used to test sufficiency of the evidence. Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965).

■ Petitioner cites three questions which he claims constitute prejudicial misconduct by the prosecutor. Here again, in the printed Opinion, the Court discusses these questions, recites the facts concerning objections and motions to strike, and clearly demonstrates that for the most part the comments by the prosecutor were not improper. However, even conceding the impropriety of one question, it does not raise to the dimensions of constitutional error by the test applied in Pike v. Dickson, 323 F.2d 856 (9th Cir. 1963). In a review of over 3000 pages of testimony, it can clearly be said that even though there may have been improper comment by the prosecuting attorney, the error, if any, was harmless beyond a reasonable doubt, since the evidence against petitioner was so overwhelming. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Cf. United States v. Altavilla, 419 F.2d 815 (9th Cir. 1969).

Petitioner argues about the findings of fact at his hearing under Penal Code, § 1538.5, contending that there were three theories promulgated by the prosecution to justify the vehicle search, and that they were not resolved. The discussion on the motion to suppress in the trial Court covers some 44 pages (R.T. Vol. I, A–89 through A–122). The three theories involve fresh pursuit, abandonment, and unreasonable delay in searching the car. The record shows that the abandonment issue was not advanced at the hearing, so no finding could have been made. Counsel for petitioner stated that a fresh pursuit was not involved in this case (R.T. Vol. I, A–96, l. 12), so again it was unnecessary to make a finding. The Court specifically stated that the delay seemed to be reasonable. (R.T. Vol. I, A–122, l. 6). The Court did review all of the facts and held that the search was reasonable in view of the facts available to the officer, but did not limit its findings to those stated (R.T.Vol. I, A–121, l. 24).

The acts, the facts and the findings that the officer had reasonable grounds to believe that a search would reveal evidence relating to the crime or an instrumentality of it were also the basis of the finding of abandonment by the Court of Appeal, although it was by no means the sole ground for finding the search legal as based on probable cause, and reasonable. Extensive factual evidence from the record supported the finding and the Court merely added that *in addition* the conditions supported the conclusion that he had abandoned the vehicle and that the officers were free to search [emphasis added]. People v. Hall, *supra*, 5 Cal.App.3d at 122, 85 Cal.Rptr. 188.

From our examination of the relevant facts and proceedings in the State Court, it now appears that Petitioner's contention was adequately litigated, that the State process gave fair consideration of the issues and of the evidence, and that the State court made determinations which are supported by substantial evidence. This Court is satisfied that the State court decision was fairly rendered and that a just determination of this controversy has been reached.

From the preceding analysis of Petitioner's contentions, it is apparent that there are no grounds or reasons of any kind to grant an evidentiary hearing, or to support the issuance of a writ of

habeas corpus, since the State Court trier of facts has reliably found the relevant facts. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Maxwell v. Eyman, 429 F.2d 502 (9th Cir. 1970). Petitioner is not entitled to relief since he does not demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (3).

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.