**Michael Wayne DEETER, Appellant**
**(Defendant below),**

v.

**The STATE of Wyoming, Appellee**
**(Plaintiff below).**

**No. 4072.**

Supreme Court of Wyoming.

Aug. 14, 1972.

Rehearing Denied Sept. 14, 1972.

Terry W. Mackey, Jackson, for appellant.

Clarence A. Brimmer, Atty. Gen., Cheyenne, Robert B. Ranck, County and Pros. Atty., Jackson, Bert T. Ahlstrom, Jr., Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Michael Wayne Deeter, defendant, was charged with a violation of § 35–347.31(c), W.S.1957 (1971 Cum.Supp.) for knowingly or intentionally possessing controlled substances, namely marihuana and LSD. On trial by jury he was convicted and sentenced to a five-month term in the county jail and assessed a fine of $800. From the judgment and sentence he has appealed, contending error in the court's refusal to suppress evidence, prejudicial remarks of the court during the trial, improper remarks of the prosecuting attorney regarding defendant's failure to testify, the improper admission of certain exhibits, and the denial of his motion for acquittal at the close of the State's case.

The facts which led up to the arrest and prosecution were that John Blohm and Jeanne Anderson, shortly after 2 a. m., April 30, 1971, informed personnel in the sheriff's office that defendant had made certain threats against Mr. Blohm and a Mrs. McCormick. Officers went to the latter's apartment to investigate. When told of the threat against her, she conversed with the officers, and, inter alia, said that two days earlier Deeter had suggested to her that she give "acid" to her three-year-old, and when she said "no" put it down on the table in front of her child. At approximately 3 a. m. Deeter was arrested for breach of the peace, while standing outside of his 1970 International Scout at a public intersection in downtown Jackson. The arresting officer observed him to be under the influence of narcotics or dangerous drugs and searched his person but found no narcotics.[1] Deeter's vehicle was taken to a service station, and thereafter the sheriff's office obtained a search warrant for the vehicle, executed the same, and discovered suspect marihuana and LSD in the glove compartment, which substances were the subject of the prosecution.

*The Motion to Suppress*

Defendant criticizes the court for overruling his motion to suppress evidence, saying that the affidavit for the search warrant was insufficient to show probable cause, asserting that it was based on hearsay and failed to meet the test required by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, which has two aspects: (1) whether the third party is in fact reliable, and (2) whether the underlying circumstances as to how the third party came by his information demonstrates sufficient probability or credibility to allow the search of the premises in question. Defendant further complains that the affidavit contained conclusions. We think the criticisms are unwarranted. It is conceded that under Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 707, 78 A.L.R.2d 233, hearsay evidence is sufficient if the informant's statement is reasonably corroborated by other matters within the officer's knowledge. In Aguilar v. Texas, supra, 378 U.S. at 114, 84 S.Ct. at 1514, 12 L.Ed.2d at 729, the court said:

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, * * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, * * * was 'credible' or his information 'reliable.' * * *"

Reviewing the affidavit here we find a recitation of the circumstances, exclusive of conclusions, that the defendant had threatened to place "acid" (LSD) in the soup of Mrs. McCormick's young children and that Stephanie Forgue who had met Deeter at Alta, Wyoming, had told of defendant's having thought it "fun" to go

---

[1]. Some hours after Deeter's arrest, Mrs. McCormick appeared before the justice of the peace and signed a complaint against him.

around dropping "acid" (LSD) in drinks and watching people "freak out." The affidavit also set out the fact that the defendant, when arrested for breach of the peace, appeared to be under the influence of narcotics or dangerous drugs, was searched without finding them, and accordingly it was believed that the narcotics or dangerous drugs were concealed in his vehicle, which reportedly Deeter was using as the place of his abode while in Jackson.

■ Bearing in mind that affidavits of probable cause for search are to be tested by much less rigorous standards than those governing admissibility of evidence at the trial and issuing magistrates are not to be confined by niggardly limitations, Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637, we consider the affidavit to be within the requirements of Aguilar.[2]

### The Court's Remarks

■ Defendant charges that the court during the course of the proceedings made numerous remarks which denied him a fair trial. We have reviewed the record carefully and find nothing which can be said to have interfered in any way with the proper administration of justice. Instead, all statements made by the court seem to re-

flect a complete lack of bias or prejudice and a sincere attempt to have the jury resolve the cause without undue interference. Defendant himself concedes that some of the remarks by the judge were harmless but argues that when taken as a whole "the substantial time given to remarks by the Court * * * can only cause the jury to believe that the Court has an * * * interest in a successful prosecution to the prejudice of the Defendant." Notwithstanding our view that there was no impropriety in this regard it must be admitted that the trial court in this case at different points did not limit its remarks to the bare essentials of rulings but instead made gratuitous comments which, as experience shows, often opens the door to complaints and criticism both justified and unjustified. Even so, the mere fact that the court may have been unwise in commenting overgenerously cannot be taken as error.

### The Prosecutor's Remarks

■ Notwithstanding his failure to object during the closing remarks of the prosecutor, defendant now urges that this court should, under the provisions of Rule 49(b), W.R.Cr.P., denominate the prosecutor's remarks as error because they affect-

2. We observe that defendant injects into his argument the statement that "the affidavit for search warrant contains information obtained by virtue of an unlawful arrest." However, he does not delineate that information. He also asserts, without substantiation, that the warrant which identifies the property to be seized as narcotic drugs and controlled substances as defined in the Controlled Substances Act of 1971 fails to comply with Rule 40(c), W.R.Cr.P., which requires that the warrant identify the property to be seized.
No authorities are submitted or cogent argument presented on either subject, and of course, these matters do not merit consideration. Wagoner v. Turpin Park Irrigation Co., Wyo., 489 P.2d 630, 634; Valerio v. State, Wyo., 429 P.2d 317, 319. However, it may be noted in passing as regards the warrant that absolute precision is not required in identifying the thing to

be seized. 3 Wright, Federal Practice and Procedure, § 670, p. 96, n. 75 (1969). As said in 1 Varon, Searches, Seizures and Immunities, p. 291 (1961), the requirement must be reasonable and consistent with allowable circumstances. We think that when, as here, the affidavit is within the terms of the statute defining the offense, there is sufficient compliance with the rule. Furthermore, even if the warrant had been specifically limited to LSD, which had been said to be in defendant's possession, it would have also been permissible to seize the marihuana found at the time of the search. State v. McMann, 3 Ariz.App. 111, 412 P.2d 286, 289; Ringel, Searches & Seizures, Arrests and Confessions, § 183.02, p. 237 (1972), citing numerous cases for the principle that it is permissible to seize things other than those described in the search warrant if they have reasonable relation to the purpose of the search.

ed substantial rights. The nub of the challenge is an accusation of the prosecutor's having surreptitiously called the jury's attention to the fact that defendant had failed to testify. We think any such claimed encroachment on the permissible limitation of comment is more imagined than real. Taking the criticism at face value, defendant now contends, "[the prosecutor] first intimated that only the Defendant could explain the fact that narcotics were found in his glove compartment"; and made the comment, "There is not one single thing in this case that you have to weigh in your mind as to 'is he telling the truth,' or 'isn't he telling the truth'; or 'which one is right,' and 'which one is wrong?' There's none of that in this case because there are only two witnesses. The State of Wyoming called those two witnesses and their testimony stands without any doubts cast upon it by anyone." This example, seemingly the most flagrant about which complaint is made, falls short of being a comment upon the defendant's failure to testify and constitutes no reversible error.

### The Admission of Exhibits

■■ It is contended that three exhibits, all purporting to be drugs which defendant was charged as possessing, were admitted on the State's offer without proper foundation. We have scrutinized the record and in our judgment consider the foundation to have been adequate. Signally we observe that no authority has been presented by counsel to the contrary, and we must therefore assume that no authority was available. Alcala v. State, Wyo., 487 P.2d 448, 457, certiorari denied 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466; Valerio v. State, Wyo., 429 P.2d 317, 319. In any event, discretionary rulings of a trial court should not be too narrowly limited[3] and

will be disturbed only where there is a clear abuse of discretion shown.[4]

### Denial of Motion for Acquittal

■ In an overall attack on the judgment and sentence, defendant contends that the motion for judgment of acquittal should have been granted at the close of the State's case because of its failure to show any knowledge of defendant as to the presence of the drugs in his vehicle and the consequent lack of his having possessed the controlled substances knowingly and intentionally and argues that it was not shown beyond a reasonable doubt that the seized materials were "controlled substances" within the meaning of § 35–347.31. These statements are really no more than mere assertions without the presentation of cogent argument or persuasive authority and require no discussion. Even so, certain facts are obvious. There was, inter alia, undisputed evidence that the vehicle containing the objectionable drugs belonged to Deeter and had been in his control immediately prior to his arrest; that he at that time appeared to be under the influence of drugs and had previously been in the possession of them, even suggesting that a mother use them on her three-year-old child. While such evidence was circumstantial, intent may be inferred from the conduct of a defendant and from circumstantial evidence upon which reasonable inferences may be based. As said in Murdock v. State, Wyo., 351 P.2d 674, 678, "if * * * [circumstantial evidence] reasonably tends to prove the guilt of the accused, a verdict based thereon carries the same presumption of correctness as other verdicts and should not be disturbed unless wholly unwarranted."

The judgment and sentence of the trial court is affirmed.

Affirmed.

3. Opie v. State, Wyo., 389 P.2d 684, 689.

4. Webber v. Farmer, Wyo., 410 P.2d 807, 809.