Edward STANTON, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 84–78.

Supreme Court of Wyoming.

Dec. 28, 1984.

Victoria G. Huntoon, Laramie; Leonard D. Munker, State Public Defender, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Roger Fransen, Asst. Atty. Gen., Cheyenne; D. Terry Rogers, Teton County Atty., Jackson, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

This case comes to this court from defendant's conviction in justice court and the district court's affirmance, wherein the appellant was charged and found guilty of driving while under the influence of intoxi-

cating liquor in violation of § 31–5–233(a), W.S.1977, 1984 Cum.Supp.

The appellant claims that during the trial his constitutional right to remain silent was violated.[1]

During the prosecutor's closing argument, he said:

"The Defendant's only witness Diana Cole wasn't even there when these things occurred. She was speculating as to what happened. She has never seen the Defendant when he has been drinking."

Apparently there was no objection lodged concerning this statement and, for that matter, the statement itself does not appear as a part of the record; however, there is no denial that it was actually made.[2]

The defense counsel said in his argument:

" * * * Maybe some of you feel disappointed, you know, that Ed didn't get up here and testify himself. Well, there are some very good reasons why he didn't get up here and testify himself and the least of these is that Diana Cole recommended that he not do so and that's his therapist and she's worked, and they've worked together for seven or eight months now. And why put him through the tremendous stresses and strains of the blistering cross-exam that's going to come from the State * * *."

The prosecuting attorney then said, in his rebuttal:

" * * * And Mr. Hess gave you some reasons why the defendant didn't testify. You know there could be others * * *;"

whereupon defense counsel objected on the grounds that this was an impermissible comment upon the right to remain silent.

At this juncture, the court admonished the jury and subsequently gave an instruction informing the jury members about the constitutional rights of the citizen-accused not to testify.

The district court, in affirming the judgment entered upon the verdict in the justice court, found that defense counsel had invited any error that may have occurred, which is to say that the "only witness" comment by the prosecutor was not a comment on defendant's silence. The court further observed that any such error as may have been committed by the prosecutor during the trial was cured by the admonitions and the instructions given by the trial judge.

■ The district court judge, in his order, took care to note, however:

"This Court does not believe there was error."

We agree with this last-mentioned observation of the able judge. We, too, do not believe that the prosecutor's "only witness" remark constituted a comment upon the defendant's constitutional rights as contemplated by the provisions with which we are concerned in this appeal. This being so, it follows that the defense attorney himself uttered the first comment upon the defendant's silence, the effect of which was to waive the constitutional rights of the defendant.[3] It follows, of course, that any remark which the prosecution made in rebuttal to the comment by defense counsel could not then be said to be in violation of the defendant's rights—those rights having been waived by his attorney's prior comment.

### The "Only Witness" Statement

The single issue for discussion here is whether the prosecutor's "only witness"

---

1. The Fifth Amendment to the Constitution of the United States reads:

   "No person shall be * * * compelled in any criminal case to be a witness against himself * * *."

   Article 1, § 11 of the Wyoming Constitution reads:

   "No person shall be compelled to testify against himself in any criminal case * * *."

2. The tape recording containing this remark was not forwarded to this court as a part of the record on appeal.

3. We recognize the law in this state to be that the waiver of a constitutional right must appear by "clear and positive testimony," but we find the defense counsel's remark sufficient to meet this test. *Tobin v. State*, 36 Wyo. 368, 255 P. 788 (1927).

observation, supra, constitutes a comment upon the defendant's right to remain silent and is thus in violation of the rights which are guaranteed by the Fifth Amendment to the Constitution of the United States and Art. 1, § 11 of the Constitution of Wyoming. In pursuit of this inquiry, we need not seek an answer to the question which asks whether or not the comment was harmless assuming we were to hold that the remark was in fact an impermissible comment upon the silence of the defendant, because we have recently held that any such comment is prejudicial error. In *Westmark v. State*, Wyo., 693 P.2d 220 (1984) we said:

> "We herewith return to the rule of *Clenin v. State*, [Wyo., 573 P.2d 844 (1978),] and will hold that any comment upon the accused's exercise of his or her right to remain silent is prejudicial error which will entitle accused to a reversal of the conviction." 693 P.2d at 222.

This case need not, however, be resolved upon the harmless-error position of the appellant because the overriding question here is whether the prosecutor's "only witness" statement was in fact a comment upon the decision of the accused not to testify in his own behalf. In *Oldham v. State*, Wyo., 534 P.2d 107 (1975), the prosecutor observed that certain of the State's evidence was not contradicted, and the prosecutor also said:

> "'The sheer weight of the evidence is just too much for Mr. Oldham to explain.'" 534 P.2d at 112.

In response to the defendant's charge that these kinds of comments constitute comments upon the defendant's decision not to testify, we said:

> "An examination of some of the authorities upon which defendant places reliance demonstrates that these questions must be decided on the factual background of each case and that general statements are a weak reed upon which to rely. *Knowles v. United States*, 10 Cir., 224 F.2d 168, 170, upon which appellant places great reliance, sets out the proper

rule in our view, and we adopt the language therein as follows:

> "'It is concededly improper and reversible error to comment on the failure of a defendant to testify in his own behalf, and the test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. [Citation.] It is not improper for the government to draw attention to the failure of lack of evidence on a point if it is not intended to call attention to the failure of the defendant to testify. * * *'

> "This language was approved in *United States v. Altavilla*, 9 Cir., 419 F.2d 815, 817, another of defendant's authorities." 534 P.2d at 112.

We went on to observe in *Oldham*:

> "These authorities upon which appellant relies clearly demonstrate that far more serious direct comment has not been held violative of the right, and we are unconvinced this argument was 'manifestly intended' as, or that it was such statement that the jury would naturally and necessarily take it to be, comment on the defendant's failure to take the stand. It, in our view, merely served to call attention to a lack of evidence on the point, and we will not indulge a presumption that this was done deliberately or had the unmistakable effect of calling attention to defendant's failure to testify." 534 P.2d at 113.

A similar contention had previously been made in *Deeter v. State*, Wyo., 500 P.2d 68, 71 (1972), where the defendant did not testify and the prosecutor argued:

> "'There is not one single thing in this case that you have to weigh in your mind as to "is he telling the truth," or "isn't he telling the truth"; or "which one is right," and "which one is wrong?"'"

We held that these remarks did not constitute a comment upon the defendant's failure to testify.

In the case at bar, the trial judge, as well as the district court judge, decided that the remark of the prosecutor did not attain the stature of a comment upon the defendant's silence—*as a matter of fact.* In *Oldham,* we held that this is a fact question. It is to be resolved by deciding whether or not the language used was " 'manifestly intended' " to be a comment upon the failure of the accused to testify, or is of such a character "that the jury would naturally and necessarily take it to be [a] comment on the defendant's failure to take the stand." 534 P.2d at 113. Given the prosecutor's "only witness" comment and the context in which it was made, this court cannot say as a matter of law that the interpretation placed upon the remark by the trial court and district court judges was without foundation in logic or reason. On the contrary, we agree with these courts' holdings that the prosecutor's statement was neither intended nor would the jury interpret it to be a comment upon the defendant's refusal to testify.

Affirmed.

ROONEY, Chief Justice, specially concurring, with whom BROWN, Justice, joins.

I concur in the result reached by the majority opinion because I believe that any comment by the prosecuting attorney concerning appellant's exercise of his right to silence was harmless.

The majority opinion again rejects the rationale of *Richter v. State,* Wyo., 642 P.2d 1269 (1982), and directs a return to that of *Clenin v. State,* Wyo., 573 P.2d 844 (1978), which held that any comment on silence was prejudice per se. Here the majority opinion affirms the district court on the conjecture that the comment was not one on appellant's silence.

To attempt to draw a line between no comment and a comment on the basis set forth in the majority opinion, i.e., whether or not the comment was

" 'manifestly intended to be a comment upon the failure of the accused to testify,' or was of such a character 'that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify,' "

is far more difficult—even approaching impracticability—than using the time honored standard of determining whether or not the comment was harmless. The mental process in resolving the status of the comment will find more precedent in the latter case. Also, the latter approach will not have the incongruity of trying to decide if something is or isn't when the fact that the decision is necessary is occasioned by the existence of the something.

Additionally, the result reached in this case is not in accord with *Clenin v. State,* supra, the holding to which the majority wishes to return. In *Clenin,* it is said: " * * * *any* comment upon an accused's exercise of his right of silence, * * * inherently is prejudicial, and will entitle an accused to reversal of his conviction. Such a breach of the accused's constitutional protections is plain error and prejudicial per se. * * *" (Emphasis added.) Id., 573 P.2d at 846.

Even if it could be said that the prosecution's comment that defendant's "only witness * * * wasn't even there" is not within the Clenin prohibition, it is difficult to comprehend how the majority opinion also excepts the other statement of the prosecution that "you know that there could be others [reasons why defendant didn't testify]" from the Clenin prohibition.

If "any" comment is "plain error and prejudicial per se" as was said in Clenin, how can it be cured by a waiver or by an instruction or admonition?

In this case, I believe that the waiver, the instructions, the admonition and the totality of the circumstances in which the comments were made make such comments harmless and an affirmance is proper. I believe we should consider cases involving such comments in this fashion on a

case-by-case review. This case is an example of the impropriety of the Clenin rule.

As reflected in the concurring opinion of Justice Brown in *Westmark v. State*, Wyo., 693 P.2d 220 (1984) (in which I joined), the Richter holding is proper, the Clenin holding is not. A comment objected to and considered in the trial court and engendering pages of concern in an opinion of this court is from that very happening a comment on silence. It may be a comment with very slight allusion to silence, but a comment nonetheless.