# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 32

OCTOBER TERM, A.D. 2016

March 16, 2017

KIMBERLY D. RAMBO,

Appellant
(Plaintiff),

v.

S-16-0170

JEFFREY D. RAMBO,

Appellee
(Defendant).

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*

Lea Kuvinka, Kuvinka & Kuvinka, P.C., Jackson, Wyoming.

*Representing Appellee:*

Heather Noble, Attorney at Law, Jackson, Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Chief Justice.**

[¶1]     Appellant, Kimberly Rambo ("Mother"), appeals from an order holding Jeffrey Rambo ("Father"), in contempt of court for, among other things, failing to pay child support pursuant to the parties' divorce decree.  The district court ordered that, in order to purge the contempt, Father was to pay not less than $50.00 per month towards the child support arrearages.   The court further ordered that interest would not accrue on the delinquent amount as long as Father made all required payments.   Mother claims the district court erred by failing to enter judgment for the arrearages and by failing to impose a 10% penalty on the delinquent child support under Wyo. Stat. Ann. § 1-16-103(b).  She also contends the district court erred by restricting her ability to collect past due child support.  We conclude that Mother had a judgment on the child support arrears as they became due and that the district court did not have discretion to prevent Mother from executing on that judgment.  We also conclude Mother is entitled to interest on the arrears.  Accordingly, we reverse.

## ISSUE

[¶2]     Mother presents the following issue:

> Did the district court err when it failed to treat delinquent child support as a judgment by operation of law?

## FACTS

[¶3]     Mother and Father married in California in 1994 and divorced in 2013, while residing in Teton County, Wyoming.  They have two children, born in 1997 and 1999. The parties entered into a settlement agreement which gave Mother primary custody of the parties' two children, subject to Father's visitation.   Father agreed to pay child support in the amount of $600.00 per month.  Father subsequently relocated to California.

[¶4]     This matter began in June 2015, when Mother filed a motion for an order to show cause as to why Father should not be held in contempt of court.  Mother asserted that Father had failed to pay amounts owed under the divorce decree for the children's educational expenses, health insurance, and vehicle maintenance, as well as back tax obligations and child support.  Father, acting *pro se*, responded to the motion.  He stated that he was in a "difficult, unforeseen" financial situation and agreed that he was delinquent in paying for certain expenses.  Father disputed the educational expenses in light of Mother's decision to enroll their younger child in private high school.  However, he agreed that he was delinquent in making child support payments, and asserted that neither party had submitted financial affidavits as required in the settlement agreement. Father also petitioned to modify child support.

1

[¶5]    Mother subsequently filed an amended motion for an order to show cause.  Father also filed a motion for an order to show cause, asserting that Mother had violated various co-parenting provisions of the parties' settlement agreement.  The court held a hearing on the cross-motions for orders to show cause and Father's petition for modification of child support in February 2016.  Following the hearing, the court entered an order finding Father in contempt for failing to pay $586.71 for car tires, $15,961.09 for a joint tax liability, $4,087.52 for the younger child's education and extracurricular expenses, $8,524.00 for the older child's education expenses, and $6,942.04 for healthcare expenses.  The court entered judgment on these amounts.  The court also found Father in contempt for failure to pay child support.   With respect to Father's child support obligations, the court stated as follows:

> To purge his contempt of court with respect to child support arrears, Father shall also pay the arrears of $15,600 (which accrued through June 2015) and additional arrears that have accrued since his motion to modify was filed in July 2015 as quickly as possible and shall pay **not less than $50 per month** toward arrears, in addition to his monthly child support obligation, every month until the arrears are paid in full.  After the parties' youngest child turns 18 and graduates from high school (whichever is later), Father shall continue to pay $300 per month until the arrears are paid in full.  To compel compliance, as long as Father makes his child support payments and the $50 payment towards arrears (or the $300 per month after SJR turns 18 and graduates from high school), no interest shall accrue because the arrears have not been reduced to judgment.  If any payment is not timely made, Mother may file a motion for an entry of judgment on the remaining amount of arrears, along with proof of the remaining arrears (i.e., a report from the Clerk of District Court's office or from Child Support Enforcement Services) and a proposed order for the Court's signature.  Upon entry of judgment on the remaining arrears, statutory interest of 10% on the remaining arrears will begin to immediately accrue.  Mother will also be entitled to reasonable attorney's fees for Mother's filing of the motion for entry of judgment.  This Order does not impact the remedies, if any, that may be available to Mother through the State of Wyoming Child Support Enforcement Services.

(Emphasis in original.)   The court also reduced Father's child support obligation to $261.83 per month.   The court denied Father's motion for an order to show cause.  Mother timely filed this appeal.

*STANDARD OF REVIEW*

[¶6]    Mother contends the district court committed errors of law by failing to enter judgment for past due child support, failing to impose a 10% penalty on the delinquent child support, and restricting her ability to collect the child support arrearages.  These issues present questions of statutory interpretation.  We review questions of statutory interpretation *de novo*.  *Yager v. State*, 2015 WY 139, ¶ 7, 362 P.3d 777, 779 (Wyo. 2015).

*DISCUSSION*

[¶7]    As indicated above, the issue identified by Mother in this appeal is composed of multiple related claims of error.  Mother's primary claim is that the delinquent child support amounts became a "judgment by operation of law" under Wyo. Stat. Ann. § 20-2-310(c).  She contends the district court erred by failing to recognize the child support arrears became a judgment on the dates they were due.  We agree with Mother and conclude that further errors resulted from the district court's failure to treat the arrears as a judgment.

[¶8]    In interpreting the relevant statutes, "Our paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute."  *Yager*, ¶ 11, 362 P.3d at 780 (quoting *Spreeman v. State*, 2012 WY 88, ¶ 10, 278 P.3d 1159, 1162 (Wyo. 2012)).  Wyo. Stat. Ann. § 20-2-310 provides, in relevant part, as follows:

> **§ 20-2-310.  Enforcement of child support.**
>
> . . .
>
> (b) A court may, upon appropriate motion, require a parent to appear before the court and show just cause why the parent should not be held in contempt and, upon a showing that the parent has willfully violated a child support order, make such order or orders as the court deems necessary and appropriate.
>
> (c) In any case in which child support has been ordered to be paid to the clerk, any periodic payment or installment under the provisions of an order concerning maintenance is, on the date it is due, a judgment by operation of law.
>
> . . .

(e) The court in order to enforce and require future compliance with an order, may find that the parent is in contempt of court, award attorney fees, costs and any other relief as the court may deem necessary under the circumstances.

These sections of Wyo. Stat. Ann. § 20-2-310 set forth separate mechanisms for enforcing an order for payment of child support. Pursuant to Wyo. Stat. Ann. § 20-2-310(b), the district court is authorized to hold a parent in contempt for failure to pay child support. By filing her motion for an order to show cause as to why Father should not be held in contempt, Mother chose to pursue the remedy authorized by Section 310(b) in this proceeding. Pursuant to Section 310(b) and 310(e), the district court could properly hold Father in contempt for failing to pay child support and create a payment plan to purge that contempt.

[¶9]     Wyo. Stat. Ann. § 20-2-310(c) provides a separate mechanism for the enforcement of a child support order. Under that section, delinquent child support payments become a "judgment by operation of law." The term "judgment by operation of law" as used in Wyo. Stat. Ann. § 20-2-310(c) satisfies the requirements of the "Bradley Amendment," included as part of the Omnibus Budget Reconciliation Act of 1986 (OBRA), Pub. L. No. 99-509, codified at 42 U.S.C. § 666. This congressional enactment required states to pass legislation that would make each child support payment, on or after the date it is due, "a judgment by operation of law, with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced," which would be "entitled as a judgment to full faith and credit in such State and in any other State[.]" 42 U.S.C. 666(a)(9)(A) and (B).[1] The plain language of Wyo. Stat. Ann. § 20-2-310(c) indicates that our statute is consistent with this congressional mandate. We have noted that the term "operation of law" means a legal outcome that automatically occurs whether or not the affected party intends it to. *See N. Fork Land & Cattle, LLLP v. First Am. Title Ins. Co.*, 2015 WY 150, ¶ 16, 362 P.3d 341, 347 (Wyo. 2015); *Black's Law Dictionary* 1265 (10th ed. 2014). Accordingly, we must interpret Wyo. Stat. Ann. § 20-2-310(c) to mean that past due child support becomes a judgment without any further action on the part of the obligee. As a result, we agree with Mother that the district court erred by failing to recognize the judgment by operation of law. Mother had a judgment at the time the child support arrearages became due under Wyo. Stat. Ann. § 20-2-310(c).

[¶10]  The district court's statements that Mother "may file a motion for an entry of

---

[1] The Bradley Amendment also required states to pass legislation prohibiting retroactive modification of child support orders. 42 U.S.C. 666(a)(9)(C).

judgment on the remaining amount of arrears" and that "Upon entry of judgment on the remaining arrears, statutory interest of 10% on the remaining arrears will begin to immediately accrue," purport to limit Mother's ability to apply for a judgment.[2] These provisions of the court's order appear to be a direct consequence of the fact that the court failed to recognize the effect of Wyo. Stat. Ann. § 20-2-310(c), which, as indicated above, imbued the child support arrearages "with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced." In any event, however, we conclude the district court did not have authority to impede Mother's right to enforce the judgment. The district court's order is in error to the extent it prevents Mother from enforcing her judgment.

[¶11] In her next claim of error, Mother contends she is entitled to a late payment penalty of 10% of the amount of Father's delinquent child support obligations under Wyo. Stat. Ann. § 1-16-103(b) (LexisNexis 2013). We disagree. Wyo. Stat. Ann. § 1-16-103 provides, in relevant part, as follows:

> **§ 1-16-103. Penalty assessed on unpaid judgment by operation of law.**
>
> (a) As used in this section "judgment by operation of law" means a periodic payment or installment for child support or maintenance which is unpaid on the date due and which has become a judgment by operation of law pursuant to W.S. 14-2-204.
>
> (b) Any judgment by operation of law which is not paid within thirty-two (32) calendar days from the date the judgment by operation of law arises is subject to an automatic late payment penalty in an amount equal to ten percent (10%) of the amount of the judgment by operation of law.
>
> (c) In order to recover penalties assessed under subsection (b) of this section, the obligee shall file with the clerk of court a sworn affidavit setting forth the payment history resulting in assessment of any penalty and a computation of all penalties claimed to be due and owing. It shall not be the responsibility

---

[2] The court also noted, however, that "This Order does not impact the remedies, if any, that may be available to Mother through the State of Wyoming Child Support Enforcement Services." This provision appears to be inconsistent with the prior limitation on Mother's ability to enforce the judgment.

of the clerk to compute the amount of the penalties due and owing. If the obligor disputes the payment history or penalty computation as stated in the obligee's sworn affidavit, the obligor shall file with the clerk of court a written request for a hearing within ten (10) days after seizure of his property under execution.

Mother asserts that the penalty authorized under Wyo. Stat. Ann. § 1-16-103(b) was meant to replace judgment interest for unpaid child support, and that Wyo. Stat. Ann. § 1-16-102(c) expressly exempts unpaid child support payments from bearing interest. Wyo. Stat. Ann. § 1-16-102 provides as follows:

### § 1-16-102. Interest on judgments.

(a) Except as provided in subsections (b) and (c) of this section, all decrees and judgments for the payment of money shall bear interest at ten percent (10%) per year from the date of rendition until paid.

(b) If the decree or judgment is founded on a contract and all parties to the contract agreed to interest at a certain rate, the rate of interest on the decree or judgment shall correspond to the terms of the contract.

(c) A periodic payment or installment for child support or maintenance which is unpaid on the date due and which on or after July 1, 1990, becomes a judgment by operation of law pursuant to W.S. 14-2-204 shall not bear interest.

[¶12] The penalty authorized by Wyo. Stat. Ann. § 1-16-103(b) is applicable only to a judgment by operation of law "which has become a judgment by operation of law pursuant to W.S. 14-2-204," and, in order to recover the penalty, the obligee must follow the specified procedure. Wyo. Stat. Ann. § 1-16-103(a), (c).[3] Wyo. Stat. Ann. § 14-2-204 provides that "Any person legally responsible for the support of a child who abandons, deserts, neglects or unjustifiably fails to support the child is liable for support of the child." The statute contemplates the commencement of a civil action by the filing of a "petition or complaint . . . in the district court of the county where the defendant

---

[3] In 2003, our legislature removed references to Wyo. Stat. Ann. § 20-2-113, the statute now codified at Wyo. Stat. Ann. § 20-2-310, from Wyo. Stat. Ann. §§ 1-16-103(a) and 102(c). 2003 Wyo. Sess. Laws ch. 93, § 2, at 226.

resides, is found or has assets subject to attachment or execution." The present matter, however, is not an action separate from the parties' divorce proceedings. It was initiated by Mother's motion to show cause, which was filed in the original divorce action in Teton County. Because the child support arrears did not become a "judgment by operation of law pursuant to W.S. 14-2-204," Mother is not entitled to the 10% penalty set forth in Wyo. Stat. Ann. § 1-16-103(b).

[¶13] For the same reason, however, we conclude that Wyo. Stat. Ann. § 1-16-102(c) does not exempt the child support arrears in the present case from bearing interest. As noted above, Wyo. Stat. Ann. § 1-16-102(c) provides that "A periodic payment or installment for child support or maintenance which is unpaid on the date due and which on or after July 1, 1990, becomes a judgment by operation of law pursuant to W.S. 14-2-204 shall not bear interest." Because the child support arrears did not become a "judgment by operation of law pursuant to W.S. 14-2-204," they do not fall within the exception contained in Wyo. Stat. Ann. § 1-16-102(c). As a result, the delinquent amounts bear interest at a rate of 10% per year from the date of rendition under Wyo. Stat. Ann. § 1-16-102(a). Accordingly, we conclude the district court erred by ordering that "no interest shall accrue because the arrears have not been reduced to judgment." Mother is entitled to interest on the child support arrears.

## *CONCLUSION*

[¶14] We conclude the district court erred by failing to recognize that Mother had a judgment by operation of law under Wyo. Stat. Ann. § 20-2-310(c). Mother has a judgment on child support arrears "with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced." That judgment bears interest at a rate of 10% per year under Wyo. Stat. Ann. § 1-16-102(a). The district court's order is in error to the extent it impedes Mother's right to execute on the judgment. The finding of contempt and the creation of a payment plan to purge the contempt, however, were within the district court's discretion pursuant to Wyo. Stat. Ann. § 20-2-310(b) and (e).

[¶15] Reversed and remanded for further proceedings consistent with this opinion.

7