**Danny Lane IRVIN, Appellant
(Defendant below),**

v.

**The STATE of Wyoming, Appellee
(Plaintiff below).**

No. 4562.

Supreme Court of Wyoming.

Feb. 17, 1977.

Gerald M. Gallivan, Laramie, signed the brief and appeared in oral argument on behalf of the appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Thomas J. Carroll, Legal Intern, Cheyenne, signed the brief and Allen Johnson, Student Intern, Cheyenne, appeared in oral argument on behalf of the appellee.

Before GUTHRIE, C. J., RAPER, THOMAS ·and ROSE, JJ., and HAMM, District Judge.

RAPER, Justice.

During cross-examination of the defendant, the county and prosecuting attorney asked the defendant why he had not told the police about his alibi which he brought out for the first time in his defense. In closing argument the county attorney dwelt at length on the failure of the defendant to inform the police of his alibi, implying fabrication. After being given the Miranda warning following arrest, the defendant had elected to remain silent.

 The tactic of the prosecutor is in violation of § 11, Article I, Wyoming Constitution, providing that "No person shall be compelled to testify against himself in any criminal case, * * *." Under Amendment V to the United States Constitution, a parallel provision to that of Wyoming, providing that no person shall be " * * * compelled in any criminal case to be a witness against himself, * * *" the United States Supreme Court in *Doyle v. Ohio,* 1976, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, under a similar set of facts, stated that implicit in the Miranda warning is the assurance that silence will carry no penalty and held that use for impeachment purposes of defendant's silence, at time of arrest, after Miranda warnings violates the Due Process Clause of the Fourteenth Amendment. We are compelled to agree.

Reversed and remanded for new trial.

GUTHRIE, Chief Justice.

I concur in this opinion and the holding thereof because in my view the case of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, is directly in point. However, this court, in *Jerskey v. State,* Wyo., 546 P.2d 173, and *Gabrielson v. State,* Wyo., 510 P.2d 534, had heretofore enunciated a similar rationale.

ROSE, Justice, specially concurring, in which HAMM, District Judge, joins.

I concur in the result but would add these remarks:

The majority opinion fails to cite Wyoming Supreme Court decisions which I consider directly in point, namely *Jerskey v. State,* Wyo., 546 P.2d 173, and *Gabrielson v. State,* Wyo., 510 P.2d 534. *In Jerskey,* the right of the defendant to remain silent and not have his defense burdened with the jury's knowledge of his silence was at issue. The defendant was, therefore, asserting his rights under the Fifth Amendment to the United States Constitution, as is the defendant in the instant matter.

We said in *Jerskey,* at 546 P.2d, page 180, citing and quoting *Miranda v. State of Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, with approval:

> " '. . . *The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in face of accusation.* . . .' " (With citations) [Emphasis in *Jerskey* text]

In *Jerskey* we adopted the rule of *Griffin v. State of California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, where the United States Supreme Court said:

" ' . . . We . . . hold that the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, *forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt.*' " [Emphasis in *Jerskey* text]

The concurring opinion in *Gabrielson v. State,* Wyo., 510 P.2d 534, 539–540, holds for the same proposition.

I write this concurring opinion—not to burden the law books or the lawyers—but to point up and comply with a rule that I consider to be elementary and necessary in the appellate process—namely that where there is Wyoming authority which stands for or refutes propositions relevant to this court's current opinions, it should be cited and considered.