Terry HUGHES, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 5800.

Supreme Court of Wyoming.

Feb. 23, 1983.

---

Gerald M. Gallivan, Wyoming Defender Aid Program, Randine Salerno, Student Intern, Wyoming Defender Aid Program, Laramie, and Sylvia Lee Hackl, Public Defender, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Sr. Asst. Atty. Gen., and Roger Fransen, Legal Intern, Atty. Gen.'s Office, Cheyenne, for appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

BROWN, Justice.

Appellant was convicted of numerous crimes by a district court jury. In response to a question by defense counsel on cross-examination, a State's witness said that appellant refused to talk to police officers. The issues urged by appellant are whether the statement made by the arresting officer concerning appellant's refusal to talk after he was arrested was a violation of his right to silence, whether the arresting officer's comment concerning appellant's post-arrest silence was plain error, and whether the arresting officer's comment concerning appellant's post-arrest silence was harmless error.

We will affirm.

Appellant was charged in district court with five felonies and convicted on all counts. In cross-examination at trial, counsel for appellant elicited an answer from a state's witness which appellant complains of here:

"Q. (By defense counsel) Were you able to confirm that any of these three people were participants in an earlier burglary of that place?

"A. (By Officer Maxwell) No.

"Q. Robby Saunders denies it?

"A. That's correct.

"Q. Terry Hughes in the interview denied it?

"A. Terry Hughes, when he was arrested, refused to talk to us.

"Q. After he was arrested?

"A. After he was arrested.

"Q. But before he was arrested, he talked to you on three occasions?

"A. That's correct. There was no mention of our asking him about the burglary."

*Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91, 98 (1976), cited by appellant, held:

" * * * [U]se for impeachment purposes of petitioners' silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment. * * *"

*Richter v. State*, Wyo., 642 P.2d 1269 (1982) traces the application of the doctrine of *Doyle v. Ohio*, supra, in other jurisdictions.

Appellant contends that the statement made by Officer Maxwell concerning appellant's refusal to talk to the police violated his right to silence in contravention of the Fifth Amendment to the United States Constitution and Article 1, § 11 of the Wyoming Constitution.[1]

■ It is a fundamental rule that it is impermissible to penalize an individual for exercising his Fifth Amendment privilege to remain silent when he is under police custodial interrogation. The prosecution, therefore, may not use at trial the fact that an accused remained silent or claimed his

---

1. Fifth Amendment to the United States Constitution: " * * * nor shall he be compelled in any criminal case to be a witness against himself. * * *" Article 1, § 11, Wyoming Constitution: "No person shall be compelled to testify against himself in any criminal case. * * *"

Fifth Amendment right in the face of accusation. *Doyle v. Ohio,* supra; *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Parkhurst v. State,* Wyo., 628 P.2d 1369 (1981), cert. denied, 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981); *Clenin v. State,* Wyo., 573 P.2d 844 (1978); *Irvin v. State,* Wyo., 560 P.2d 372 (1977); *Jerskey v. State,* Wyo., 546 P.2d 173 (1976); *Gabrielson v. State,* Wyo., 510 P.2d 534 (1973). The reason for this rule is set out in these cases. We need not repeat the philosophy justifying the rule nor support it with additional logic.

We do not believe appellant tried to inject error into the trial by pursuing the line of questioning resulting in reference to appellant's silence, nor do we believe that the police officer's answer to questions was a conscious attempt to bring to the attention of the jury the fact that the appellant asserted his Fifth Amendment right to remain silent. The question asked by appellant's counsel in cross-examination ("Terry Hughes, in the interview denied it?") was not susceptible to a yes or no answer. A yes or no answer would have either been false or would have given an improper implication. Arguably, a more innocuous answer could have been given, but we cannot fault the officer for briefly relating the facts as they existed. We do not believe that appellant's counsel could anticipate the answer given by the officer; however, he should have realized that the answer could not properly be yes or no.

The trial court did not focus attention on appellant's silence by striking the answer or giving a cautionary instruction to the jury. The prosecution did not try to exploit the officer's answer during the taking of testimony or in closing argument.

In *Parkhurst v. State,* supra, a police officer questioned appellants after they had been detained. At trial the police officer in relating the questioning said: "Some questions were answered, some weren't," and "Neither subject said anything." In that case we said:

"In neither *Irvin v. State,* supra, nor in *Clenin v. State,* supra, did this court pro-

hibit all references to silence nor dictate unnecessary invocation of the stern rule of Clenin. Application of the rule must be made on a case-to-case basis. * * *"

*        *        *        *        *        *

"Further, in *Jerskey v. State,* supra, 546 P.2d at 183, the court approved the principle that forbidden statements are reversible error where the prosecution has used a defendant's silence as a means of creating an inference of guilt; nor can there here be any inference 'that an honest answer would have established the appellant's guilt,' *Jerskey* at page 183. The conclusion must be that the testimony of the officer with respect to the challenged statements simply does not rise to the level of prohibited comments on silence. When silence carries no penalty, there is no error. *Irvin v. State* supra at 373." *Parkhurst v. State,* supra, at 1381–1382.

All the cases cited by appellant stand for the principle that the prosecution may not use at trial the fact that an accused stood mute or claimed his privilege under the Fifth Amendment in face of accusation. Those cases condemn the prosecution's exploitation of an accused's remaining silent or asserting his Fifth Amendment right. Appellant has not cited any cases that condemn inadvertent reference to the accused's silence when such testimony is elicited by appellant himself and is thereafter not exploited by the prosecution. We do not know of any cases so holding. We hold that a fleeting reference to appellant's silence, not resulting from inquiry by the prosecution nor exploited by the prosecution, is not error. The statement made by the police officer here "does not rise to the level of prohibited comments on silence." *Parkhurst v. State,* supra.

Finding no error, we need not address the issues of plain error and harmless error.

Affirmed.