Elias GOMEZ, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee. (Plaintiff).

No. 85–95.

Supreme Court of Wyoming.

April 28, 1986.

Robert J. Reese, Green River, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Michele V.K. McKellar, Legal Intern, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, ROSE * and ROONEY,** JJ.

THOMAS, Chief Justice.

The question of whether the prosecutor, during a trial of Elias Gomez for the offense of driving while under the influence of an intoxicating beverage, made a comment upon Gomez' exercise of his constitutional right of silence is the primary concern presented in this case. A secondary question is asserted which claims reversible error based upon the failure of the county court to give a cautionary instruction on the burden of proof at the time the alleged comment on the exercise of the right of

* Retired November 1, 1985.

** Retired November 30, 1985.

silence occurred. On review by the district court the refusal of the county court judge to grant a mistrial and the refusal to give a cautionary instruction as contended for by Gomez both were affirmed. We find no error in the proceedings and, like the district court, we affirm.

Gomez was arrested in the early hours of the morning and charged with driving while under the influence of an intoxicating beverage in violation of § 31–5–233, W.S. 1977 (1983 Cum.Supp.). After a plea of not guilty, he was tried by a jury. The state presented evidence that Gomez was stopped initially because he had been observed driving erratically, and Gomez then was taken to the county jail after performing poorly in field sobriety tests which he was asked to accomplish. The evidence encompassed a blood alcohol level of 0.177% according to a breath test administered to Gomez. This level of blood alcohol is substantially above the 0.10% specified by § 31–5–233(b)(iii), W.S.1977 as that level at which a person is presumed to be incapable of driving safely. The jury found Gomez guilty, and he was sentenced to six months on probation and fined $750 of which $250 was suspended. He appealed this judgment and sentence to the district court, and it was affirmed. He now has appealed to this court.

Gomez argues the following issues in this court:

"I. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING A MISTRIAL AFTER THE PROSECUTOR COMMENTED ON THE APPELLANT'S EXERCISE OF HIS RIGHT TO REMAIN SILENT.

"II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANT'S REQUEST FOR A CAUTIONARY INSTRUCTION AFTER THE PROSECUTOR COMMENTED ON APPELLANT'S EXERCISE OF HIS RIGHT TO REMAIN SILENT."

The State of Wyoming in its brief asserts these issues:

"I. DID THE PROSECUTOR IMPERMISSIBLY COMMENT ON THE AP-PELLANT'S EXERCISE OF HIS RIGHT TO REMAIN SILENT, REQUIRING THE TRIAL COURT TO GRANT APPELLANT'S MOTION FOR MISTRIAL?

"II. DID THE TRIAL COURT ERR IN REFUSING TO GRANT APPELLANT'S REQUEST FOR A CAUTIONARY INSTRUCTION ON BURDEN OF PROOF?"

The parties stipulated that the following parts of the testimony are pertinent for purposes of this appeal:

"REESE: [Counsel for Gomez] When you walk in that jail, there is a sign about a videotape recorder, isn't there? It says you may be on camera or something like that? Have you ever seen that?

"YOUNG: [Police Officer] No, I don't remember seeing that.

"REESE: Are you aware that they have videotape recording equipment at the Sheriff's office?

"Young: I do not know that they video record. I am aware that there are surveillance cameras. Whether that's being recorded or not, I'm not aware.

"REESE: Have you attempted to get the videotape recordings of anybody else to show what they were really like at the time of the arrest?

"YOUNG: No, I have not.

"REESE: Has anybody ever trained you that tape recordings and videotape recordings might be a good thing to show what somebody's really like.

"YOUNG: Yes.

"REESE: None of those were used in the case, were they?

"YOUNG: No, they were not to my knowledge.

　　*　　*　　*　　*　　*　　*

"MONEYHUN: [Counsel for the State] I believe your answer was you don't know whether these people in the Sheriff's Office were making videotapes?

"YOUNG: I'm not aware if they are or if they even have that capability.

"MONEYHUN: So you don't know whether the, if they do make the tapes the defense attorneys would have access to them?

"YOUNG: I have no knowledge of it.

"MONEYHUN: Did the defendant ever ask to be taped so he could preserve that for evidence at trial?

"YOUNG: No, he did not.

"REESE: Your Honor, may I approach the bench?

\*　　\*　　\*　　\*　　\*　　\*

In the conference which followed the county court judge understood that the cautionary instruction which Gomez sought at that time related to advice that the burden of proof was upon the state beyond a reasonable doubt and that defendant had no burden of establishing any facts. The county court judge refused to give such an instruction at that time pointing out that it would of course be included with the instructions of the court given to the jury at the close of the evidence.

 That portion of the record which the parties agree is pertinent does not disclose any impermissible comment on the exercise of Gomez' constitutional right of silence. If anything it merely suggests a failure of the prosecution to preserve pertinent evidence for the jury which is followed by an explanation of the absence of the evidence and testimony that Gomez had not asked to have a videotape made at the jail. There is authority for the proposition that if a defendant wishes to complain about the failure of the state to preserve relevant and material evidence the defendant must ask that it be preserved. *Wilde v. State*, Wyo., 706 P.2d 251 (1985); *Pote v. State*, Wyo., 695 P.2d 617 (1985); *Wheeler v. State*, Wyo., 691 P.2d 599 (1984).

Gomez relies upon the case of *Westmark v. State*, Wyo., 693 P.2d 220 (1984). He argues that this testimony does demonstrate an impermissible comment upon Gomez' exercise of his right to remain silent; that in accordance with *Westmark v. State*, supra, the comment is prejudicial per se;

and the county court judge should have granted Gomez' motion for a mistrial.

"It is a fundamental rule that it is impermissible to penalize an individual for exercising his Fifth Amendment privilege to remain silent when he is under police custodial interrogation. The prosecution, therefore, may not use at trial the fact that an accused remained silent or claimed his Fifth Amendment right in the face of accusation." *Hughes v. State*, Wyo., 658 P.2d 1294, 1295, 1296 (1983).

In *Westmark v. State*, supra, this court bolstered this fundamental right by holding that a violation would be considered to be prejudicial per se. Our examination of this record, however, does not disclose any comment upon Gomez' exercise of his right of silence which is the premise of his claim of error.

In *Parkhurst v. State*, Wyo., 628 P.2d 1369, *cert. denied*, 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981), we held that not all references to dialogue with an accused person which encompassed some failure by that person to respond must result in a reversal of a conviction. This case hinges upon substantially the same distinction. A proper interpretation of this record is that Gomez was engaged in trying the state's officers. His point was that the police should have made a videotape of Gomez when he was booked, and that the fact that they did not do so should be the basis for an inference that the videotape would have been favorable to Gomez. In closing argument counsel for Gomez stated:

"They can't buy a cassette recorder for officers to prove to you, which is their burden, their case.

\*　　\*　　\*　　\*　　\*　　\*

"He [the prosecutor] says to the officer, 'Well, he didn't ask you to tape him and he didn't ask for videotape recorders?' That's not his [defendant's] responsibility. They have to prove their case and I submit to you there's been a failure of proof." (Tape 5, Side A # 15.4 to 16)

When the interrogation by the attorney for the state and the investigating officer's response are read in context all that is

demonstrated is an effort to rebut Gomez' intimation that the state had some duty to record this event. It was not an attempt to penalize Gomez for any exercise of his right of silence, and could not reasonably be construed to accomplish that purpose. Certainly it was not in any way exploited by the prosecution, and the court very wisely refused the cautionary instruction which was requested.

In his argument Gomez relies upon *Westmark v. State,* supra; *Clenin v. State,* Wyo., 573 P.2d 844 (1978); *Irvin v. State,* Wyo., 560 P.2d 372 (1977); and *Jerskey v. State,* Wyo., 546 P.2d 173 (1976). These cases are distinguishable from that of Gomez. In both *Irvin v. State,* supra, and *Clenin v. State,* supra, the prosecution was attempting to impeach the defendants when they first raised an alibi defense at the trial. Their silence was relied upon to demonstrate that the alibi defense was a fabrication. In Westmark the silence was used to impeach the defendant's claim of self defense. In *Jerskey* the state was attempting to rely upon Jerskey's silence to suggest an inference of guilt because he had remained silent in a situation in which an honest answer would definitely have established his guilt.

Our understanding of the record in this case is that Gomez cannot really be said to have exercised his right of silence. In fact it appears that he never refused to comply with any of the requests made by the police officers, and counsel stated in opening argument that Gomez "was thoroughly cooperative through all of this." In this respect the case is much like *Parkhurst v. State,* supra, in which this court held that testimony that the defendant did not say much or answered some questions but others did not amount to any comment on his exercise of his right of silence. We are not to be heard as suggesting that we are affirming because of the lack of any prejudice. In this case there simply was no comment upon Gomez' exercise of his right of silence. In *Stanton v. State,* Wyo., 692 P.2d 947, 949 (1984), this court quoted *Oldham v. State,* Wyo., 534 P.2d 107, 112 (1975) which adopted language from *Knowles v.*

*United States,* 224 F.2d 168, 170 (10th Cir. 1955) to this effect:

"It is concededly improper and reversible error to comment on the failure of the defendant to testify in his own behalf, and the test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. [Citation.] It is not improper for the government to draw attention to the failure of lack of evidence on a point if it is not intended to call attention to the failure of the defendant to testify * * *."

██ The essential justification for the development of the rule espoused in *Westmark v. State,* supra, is that, once a defendant has been arrested and formally advised of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), what occurs from that point on is inherently equivocal. One cannot tell whether a failure of the defendant to respond is because he is exercising the constitutional right to remain silent about which he has been formally advised, or whether he simply has nothing to say. The Supreme Court of the United States then says that it is inherently unfair to utilize any of the traditional approaches which had permitted the state to call attention to the defendant's failure to speak when an innocent person reasonably would be expected to offer an explanation. *Wainwright v. Greenfield,* — U.S. —, ·106 S.Ct. 634, 638, 639, 88 L.Ed.2d 623 (1986); *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 923, 74 L.Ed.2d 748 (1983); *Anderson v. Charles,* 447 U.S. 404, 100 S.Ct. 2180, 2181–2182, 65 L.Ed.2d 222 (1980); *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 2244, 49 L.Ed.2d 91 (1976). It follows that any reference to any lack of statement or comment by the defendant which does not raise that suggestion should not be treated as an impermissible comment upon his exercise of his right to silence. The reply by the police officer in this instance that Gomez had not asked to have evidence pre-

served surely could not have been intended or fairly perceived by the jury to be a suggestion that in response to some inquiry or request Gomez failed to speak when presumably an innocent person would have.

Because we hold that there was not any impermissible comment on the exercise of Gomez' right of silence, it is not necessary to consider whether error occurred with respect to failure to give a cautionary instruction. We content ourselves simply by commenting that had there been any impermissible comment upon Gomez' exercise of his right of silence a cautionary instruction about the state having the burden of proof and the defendant having no duty to prove anything would not address the damage which we assume such a comment causes. The cautionary instruction which was requested according to the record was not appropriate to the circumstance about which Gomez complains, and consequently there could not be any error in the failure of the district court to furnish it.

The judgment and sentence is affirmed.

ROONEY, Justice, specially concurring with whom BROWN, Justice, joins.

I concur with the result and with much of that said in the majority opinion. I do not agree that the questioned comment was *not* one on the exercise by the accused of his constitutional right to silence. However, I find the comment to be harmless error.

We are again in the conflict between the holding in *Richter v. State*, Wyo., 642 P.2d 1269 (1982), on the one hand and *Westmark v. State*, Wyo., 693 P.2d 220 (1984), and *Clenin v. State*, Wyo., 573 P.2d 844 (1978), on the other hand. In *Westmark* and *Clenin* the Court held that any comment on silence was per se reversible error. The inappropriateness of such holding was established in the specially concurring opinion of Justice Brown in Westmark, in which I joined, and it would not serve a useful purpose to review here that which Justice Brown there wrote.

The effort to define a workable distinction between that which *is* a comment on silence and that which *is not* is futile. The line cannot be definitely drawn. An effort to loosen the hamstring placed on prosecutors by the per se rule of *Clenin* and *Westmark* by such a nebulous test is but a play on words. Such distinction must rest only on the relative nature of the words used and not on an analysis of the entire effect of whatever words are used under the definite requirements of the harmless error rule.

In this instance, appellant believed the comment *was* one on his constitutional right to remain silent. A video tape of appellant's actions, speech, and demeanor could be vital evidence of his drunk condition. The objection was made to the following testimony:

"[PROSECUTOR]: Did the defendant ever ask to be taped so he could preserve that for evidence at trial?

"[POLICE OFFICER]: No, he did not."

The question and answer certainly reflect the prosecution's contention that appellant should have made the request and did not. The obvious conclusion is that if he had made the request and the tape was available for evidence, it would have helped convict him.

The trial judge thought it was a comment on the exercise of the right to silence. He overruled appellant's objection and motion for mistrial, not because there was not an impermissible comment but because the defense had "opened the door," and the question was a "natural" response.

This Court noted in *Clenin* at page 846 that the comment could result from "interrogation of the accused himself, or by interrogation of others." There is no marked distinction between the attempt here to rely on appellant's silence in not requesting preservation of the tape to suggest the inference of guilt and the reliance on appellant's silence to suggest an inference of guilt in not raising another defense or not raising a self-defense defense at a time before trial, as in *Clenin, Westmark,*

**58**

and *Irvin v. State*, Wyo., 560 P.2d 372 (1977).

Although I believe there *was* a comment upon appellant's constitutional right to remain silent, I find the comment to have been harmless error. Rule 49(a), W.R. Cr.P., defines harmless error as:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

Rule 7.04, W.R.A.P., provides:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

We have held that before a constitutional error can be held harmless, the burden is on the State to demonstrate, and the Court must be able to declare a belief, that it was harmless beyond a reasonable doubt. *Campbell v. State*, Wyo., 589 P.2d 358 (1979). There must be a reasonable possibility that in the absence of the error the verdict might have been more favorable to the defendant. *Reeder v. State*, Wyo., 515 P.2d 969 (1973); *Hoskins v. State*, Wyo., 552 P.2d 342, *reh. denied* 553 P.2d 1390 (1976), *cert. denied* 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977).

As recited in the majority opinion, the facts in this case were such that there was no reasonable possibility that the verdict might have been more favorable to appellant absent the error in allowing the question and answer relative to appellant's having exercised his right to silence. The evidence against him was overwhelming. He was driving erratically, and his blood alcohol level was well above the statutory level at which it is presumed that he was under the influence of intoxicating liquor to a degree rendering him incapable of driving a motor vehicle. The officers testified concerning his appearance, actions, and performance of the field sobriety tests. Under these circumstances, the error arising from the comment on appellant's exercise of his constitutional right to silence in this case was harmless. There was no reasonable possibility that the verdict would have been more favorable to appellant if the impermissible comment had not been made.

On this basis, I concur with the result reached by the majority opinion.