2017 WY 90

**Thomas I. BERGER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**S-16-0274**

Supreme Court of Wyoming.

August 2, 2017

Representing Appellant: Dion J. Custis, Dion J. Custis, PC, Cheyenne, Wyoming.

Representing Appellee: Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Joshua C. Eames, Assistant Attorney General.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

BURKE, Chief Justice.

[¶1] Appellant, Thomas I. Berger, pled guilty to third-degree sexual abuse of a minor. He subsequently moved to withdraw his guilty plea. The district court denied the motion. Appellant contends that the district court abused its discretion in denying the motion. We affirm.

### ISSUE

[¶2] Did the district court abuse its discretion when it denied Appellant's motion to withdraw his guilty plea?

### FACTS

[¶3] Pursuant to a plea agreement, Appellant pled guilty to a charge of third-degree sexual abuse of a minor. The State agreed to recommend a deferred conviction and probation pursuant to Wyoming's "first offender" statute, Wyo. Stat. Ann. § 7-13-301(a) (Lexis-Nexis 2013).[1] Consistent with the statute and the State's recommendation, the district court accepted the guilty plea without entering a conviction and imposed five years of supervised probation.

■ Nearly two years later, the State petitioned to revoke Appellant's probation. It alleged several violations of the conditions of his probation, including missing scheduled appointments, failing to report his loss of

---

1. That statute, in relevant part, provides:
   If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty or no contest to ... any felony ... the court may, with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed five (5) years upon terms and conditions set by the court.

employment, and failing to keep his probation agent apprised of his whereabouts. The State later filed an addendum to the petition alleging additional probation violations.

[¶5] Shortly thereafter, Appellant filed a motion to withdraw his guilty plea. He claimed that his defense counsel had failed to inform him of "an excellent defense to the charge" against him. For that reason, he contended he had received ineffective assistance of counsel, and was prejudiced because he would not have pled guilty if he had been aware of this affirmative defense. Following a hearing, the district court denied the motion.

[¶6] Appellant then admitted to several of the probation violations alleged by the State. The district court revoked his probation, entered a conviction on the charge of third-degree sexual abuse of a minor, and sentenced Appellant to three to five years of incarceration. This appeal followed.

### STANDARD OF REVIEW

[¶7] The ultimate question in this case is whether the district court erred in denying Appellant's motion to withdraw his guilty plea. "We review the district court's determination on that issue for an abuse of discretion." *Ortega-Araiza v. State*, 2014 WY 99, ¶ 24, 331 P.3d 1189, 1198 (Wyo. 2014). A court abuses its discretion only when it could not reasonably decide as it did. *Venard v. Jackson Hole Paragliding, LLC,* 2013 WY 8, ¶ 6, 292 P.3d 165, 168 (Wyo. 2013). To determine whether the district court could reasonably deny Appellant's motion, we must review its determination that Appellant's counsel was not ineffective. "Claims of ineffective assistance of counsel involve mixed questions of law and fact and are reviewed *de novo.*" *McNaughton v. State*, 2016 WY 112, ¶ 11, 384 P.3d 276, 278 (Wyo. 2016) (quoting *Hibsman v. State*, 2015 WY 122, ¶ 14, 355 P.3d 1240, 1244 (Wyo. 2015)). Underlying that determination is the district court's conclusion that the affirmative defense set forth in Wyo. Stat. Ann. § 6-2-308(a) did not apply to Appellant's case. We review *de novo* the district court's interpretation of the statute. *Rambo v. Rambo*, 2017 WY 32, ¶ 6, 391 P.3d 1108, 1110 (Wyo. 2017).

### DISCUSSION

[¶8] Appellant pled guilty to the crime set forth in Wyo. Stat. Ann. § 6-2-316(a)(iv). That statute provides, in relevant part:

[A]n actor commits the crime of sexual abuse of a minor in the third degree if: . . .

(iv) Being seventeen (17) years of age or older, the actor knowingly takes immodest, immoral or indecent liberties with a victim who is less than seventeen (17) years of age and the victim is at least four (4) years younger than the actor.

When entering his guilty plea, Appellant informed the district court that he was twenty-three years of age, that he had sexual intercourse with a sixteen-year-old, and that he was aware of her age.

[¶9] He now claims, as he did in the motion to withdraw his plea, that a statutory affirmative defense was available to him. Wyo. Stat. Ann. § 6-2-308(a) provides in pertinent part that "if criminality of conduct in this article depends on a victim being under sixteen (16) years of age, it is an affirmative defense that the actor reasonably believed that the victim was sixteen (16) years of age or older." He asserts that he reasonably believed his victim was sixteen years old because she was, in fact, sixteen years old. He contends that his counsel did not inform him of this potential defense when advising him to plead guilty, that this failure constituted ineffective assistance of counsel, and that he was prejudiced "because it was unquestionably clear that the defendant would not have [pled] guilty but for counsel's erroneous advice."

[¶10] W.R.Cr.P. 32(d) establishes two different standards for deciding motions to withdraw guilty pleas:

If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

The parties disagree over which standard the district court should have applied in this

case. Appellant asserted that his motion was filed before he was sentenced because, pursuant to Wyo. Stat. Ann. § 7-13-301, the district court had deferred his conviction and sentencing. The State counters that the stricter "manifest injustice" standard should apply, relying on the policy rationale explained by a Wisconsin court of appeals:

> [The appellant's] motion to withdraw his plea came only after the State had moved to revoke the diversion agreement. [He] thus knew when he sought withdrawal of his plea that he was facing a stiffer punishment for the felony offense than he originally contemplated when he entered the guilty plea. The higher burden of the manifest injustice standard is thus appropriate, since it is a deterrent to defendants testing the waters for possible punishments and acting out of disappointment in the eventual punishment imposed. ·

*State v. Barney*, 213 Wis.2d 344, 354, 570 N.W.2d 731, 735 (Wis. Ct. App. 1997) (quotation marks omitted). *See also State v. Daley*, 292 Wis.2d 517, 527-28, 716 N.W.2d 146, 151 (Wis. Ct. App. 2006).

[¶11] Our precedent supports Appellant's position. As we set forth in *Jackson v. State*, 2012 WY 56, ¶ 15, 273 P.3d 1105, 1111 (Wyo. 2012):

> [A]t the time [the appellant] moved to withdraw his guilty plea, he had not been sentenced within the meaning of Rule 32(d); rather, the district court had deferred a judgment of guilt and conviction and placed him on probation under § 7-13-301. Therefore, the district court had the discretion to permit him to withdraw his plea upon a showing of any fair and just reason.

In this case, the district court determined that Appellant's motion to withdraw his guilty plea failed under both standards. The court specifically addressed the factors we set forth in *Frame v. State*, 2001 WY 72, ¶ 7, 29 P.3d 86, 89 (Wyo. 2001), and concluded that Appellant had not presented any "fair and just reason" for withdrawing his guilty plea. There is no need for us to conduct an in-depth review of the district court's consideration of the *Frame* factors. *See Major v. State*, 2004 WY 4, ¶ 25, 83 P.3d 468, 479 (Wyo. 2004). ("In this case, we do not need to do an in-depth review using the factors set out in *Frame* noted above. Appellant's motion was based upon his complaints regarding his counsel, and we have already set out why those complaints did not render the plea unknowing or involuntary."). Appellant seeks withdrawal claiming ineffective assistance of counsel. That claim is based on his assertion that his counsel failed to advise him of an affirmative defense.

[¶12] The affirmative defense set forth in Wyo. Stat. Ann. § 6-2-308(a) applies "if criminality of conduct in this article depends on a victim being under sixteen (16) years of age." Appellant pled guilty to the crime set forth in Wyo. Stat. Ann. § 6-2-316(a)(iv), in which criminality depends on a "victim who is less than seventeen (17) years of age." The affirmative defense does not apply to the crime to which Appellant pled guilty.

[¶13] Because the affirmative defense does not apply, it was unnecessary for counsel to inform Appellant of it. In order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate both that counsel's performance was deficient and that prejudice resulted. *Hirsch v. State*, 2006 WY 66, ¶ 15, 135 P.3d 586, 594 (Wyo. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Appellant's claim fails both parts of the test.

[¶14] Because counsel's performance was not deficient, the district court could reasonably deny Appellant's motion to withdraw his guilty plea. The district court did not abuse its discretion.

[¶15] Affirmed.