# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 30

OCTOBER TERM, A.D. 2024

March 20, 2025

WILLIAM FREDERICK PATTERSON,

Appellant
(Defendant),

v.

S-24-0190

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Joshua C. Eames, Judge*

*Representing Appellant:*
> Office of the State Public Defender: Brandon T. Booth, Wyoming State Public Defender;* Kirk A. Morgan, Chief Appellate Counsel; Jeremy Meerkreebs, Assistant Appellate Counsel. Argument by Mr. Meerkreebs.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Leanne J. Johnston, Assistant Attorney General. Argument by Ms. Johnston.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

* An order substituting Brandon Booth for Ryan Roden was entered on October 10, 2024.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]     William Patterson was convicted after a jury trial of sexually abusing his girlfriend's four-year-old niece.  He argues the prosecutor impermissibly commented at trial on his exercise of his constitutional right to remain silent, requiring reversal of his conviction. We agree, reverse his conviction, and remand for a new trial.  In doing so, we reaffirm that under article 1, section 11 of the Wyoming Constitution, an improper comment on a defendant's constitutional right to remain silent or his exercise of that right is prejudicial per se and requires reversal of the defendant's conviction.  To the extent our cases apply a prejudice analysis in "right to silence" cases, they are overruled.

## *ISSUE*

[¶2]     Mr. Patterson raises two issues but only one issue is dispositive.[1]  We restate the issue as:

> Did the prosecutor impermissibly comment at trial on Mr. Patterson's exercise of his constitutional right to remain silent?

## *FACTS*

[¶3]     Around 4 a.m. on September 15, 2019, Shelby Sandoval dropped off her four-year-old twin daughters, BR and BL, at her sister's, Morgan Rich's, home in Mills, Wyoming. Because Ms. Rich was not home that morning, Mr. Patterson, Ms. Rich's live-in boyfriend, watched the twins while Ms. Sandoval went to work.  That afternoon Ms. Sandoval picked up the twins.  When she asked them about their day, the twins told her Mr. Patterson made them touch his penis with their hands and feet and he touched their vaginas.  Ms. Sandoval called 911.

[¶4]     The next day, Detective Terry Good with the Mills Police Department had the twins forensically interviewed at the Children's Advocacy Project (CAP) center.  BR did not disclose any sexual touching, but BL said Mr. Patterson made her touch his "snake" with her hand and feet.  Detective Good interviewed Ms. Sandoval, Ms. Rich, and Ms.

---

[1] Mr. Patterson was convicted by a jury of both second and third degree sexual abuse of a single minor. Because the same act formed the basis for both convictions, the district court orally pronounced at sentencing that a conviction would only be entered for second degree sexual abuse of a minor and sentenced Mr. Patterson to 14–20 years in prison.  The written Judgment and Sentence adjudged Mr. Patterson guilty of both second and third degree sexual abuse of a minor but entered a sentence of 14–20 years in prison for second degree sexual abuse of a minor and stated, "no sentence is imposed [for third degree sexual abuse of a minor] pursuant to the Court's oral ruling."  Mr. Patterson argues, and the State admits, that the written Judgment and Sentence is inconsistent with the court's oral pronouncement and must be corrected.  Because we reverse Mr. Patterson's conviction and remand to the district court for a new trial due to the prosecutor's improper comment on Mr. Patterson's exercise of his constitutional right to remain silent, this issue has become academic.

1

Sandoval's live-in boyfriend, Alexander Seeger. Mr. Patterson initially agreed to be interviewed but ultimately refused to speak with Detective Good. Despite Detective Good's recommendation to the contrary, the Natrona County District Attorney (DA) decided not to charge Mr. Patterson in 2019.

[¶5] Three years later, in December 2022, Ms. Sandoval and Mr. Seeger contacted Detective Good because the twins continued to bring up the abuse and were remembering more details about the abuse. On December 20, 2022, the twins, now seven years old, were reinterviewed at the CAP center. Both girls told the interviewer that Mr. Patterson made them touch his penis with their hands. Detective Good again recommended charges be brought against Mr. Patterson. This time, the DA charged Mr. Patterson with four counts— second and third degree sexual abuse of a minor with respect to BR and second and third degree sexual abuse of a minor with respect to BL. *See* Wyo. Stat. Ann. §§ 6-2-315(a)(ii) (second degree sexual abuse of a minor) and 6-2-316(a)(iv) (third degree sexual abuse of a minor). Mr. Patterson pled not guilty, and a three-day jury trial was held in January 2024.

[¶6] In her opening statement, the prosecutor recounted the twins' accusations against Mr. Patterson. She told the jury the case was assigned to Detective Good and then said:

> By September 26th, 2019, Detective Good has completed his interviews with Shelby Sandoval, Alex Seeger. The girls were interviewed at the CAP center, and [Detective Good interviewed] Morgan Rich, Aunt Morgan, who lives with Mr. Patterson. *I will let you know a request to Mr. Patterson to discuss things was made. He declined, which is his right to do so.*

(Emphasis added.) Mr. Patterson objected and moved for a mistrial. He argued the prosecutor's statement constituted an impermissible comment on his exercise of his constitutional right to remain silent. The district court sustained Mr. Patterson's objection, instructed the jury to disregard the statement, and ordered the prosecutor to refrain from mentioning law enforcement's attempts to contact Mr. Patterson. It denied Mr. Patterson's motion for a mistrial. It concluded the prosecutor's statement was not an improper comment on Mr. Patterson's exercise of his constitutional right to remain silent because the statement was brief, the court took curative actions in response to Mr. Patterson's objection to the statement, and the prosecutor did not intend the statement to imply Mr. Patterson was guilty but rather to preempt any argument that Detective Good's investigation was incomplete.

[¶7] During trial, BR, now eight years old, testified Mr. Patterson made her touch and rub his penis with her hand but denied that Mr. Patterson touched her vagina. BL, also eight years old, testified Mr. Patterson touched her vagina with his penis but denied that he made her touch his penis with her hand. The jury found Mr. Patterson not guilty of the two

counts involving BR but guilty of the two counts relating to BL. Because the same act formed the basis for both convictions involving BL, the district court stated at sentencing that a conviction would only be entered for second degree sexual abuse of a minor and sentenced Mr. Patterson to 14–20 years in prison. *See supra* n.1. Mr. Patterson timely appealed.

## *STANDARD OF REVIEW*

[¶8]    We review the district court's denial of Mr. Patterson's motion for a mistrial for an abuse of discretion. *Langley v. State*, 2020 WY 135, ¶ 18, 474 P.3d 1130, 1135 (Wyo. 2020) (citations omitted). "A court abuses its discretion only when it could not reasonably decide as it did." *Berger v. State*, 2017 WY 90, ¶ 7, 399 P.3d 621, 623 (Wyo. 2017) (citation omitted). However, to resolve whether the district court abused its discretion by denying Mr. Patterson's motion for a mistrial, we must decide whether the district court correctly determined the prosecutor did not improperly comment on Mr. Patterson's exercise of his constitutional right to remain silent. *Id.* (stating that to determine whether the district court abused its discretion when it denied the defendant's motion to withdraw his guilty plea, we must review the district court's decision that defense counsel was not ineffective). *See also Grove v. Pfister*, 2005 WY 51, ¶ 6, 110 P.3d 275, 278 (Wyo. 2005) ("An abuse of discretion can exist if the wrong law has been applied, the correct law has been applied but incorrectly interpreted, or if the correct law has been improperly applied."). Because Mr. Patterson objected in the district court, our review of this issue is de novo.[2] *See Ridinger v. State*, 2021 WY 4, ¶ 32, 478 P.3d 1160, 1168 (Wyo. 2021) (de novo review applies to constitutional issues which were objected to in the district court).

## *DISCUSSION*

[¶9]    Mr. Patterson argues the prosecutor improperly commented on his exercise of his constitutional right to remain silent when she told the jury during opening statements: "I will let you know a request to Mr. Patterson to discuss things was made. He declined, which is his right to do so." He contends the error was prejudicial per se and entitles him to a new trial. The State argues the prosecutor's statement was not an improper "comment" on the exercise of Mr. Patterson's constitutional right to silence because the prosecutor did not use Mr. Patterson's silence as substantive evidence of guilt or to imply guilt. It

---

[2] Relying on the standard of review applicable to objected-to prosecutorial misconduct claims, the State argues harmless error review applies. *See Teniente v. State*, 2007 WY 165, ¶ 22, 169 P.3d 512, 523 (Wyo. 2007) (citing *Butcher v. State*, 2005 WY 146 ¶ 38, 123 P.3d 543, 554 (Wyo. 2005), *overruled on other grounds by Wilkerson v. State*, 2014 WY 136, 336 P.3d 1188 (Wyo. 2014)). As explained below, if a statement or testimony constitutes an improper comment on the defendant's constitutional right to remain silent or on his exercise of that right, the error is prejudicial per se and not subject to harmless error review. *See Large v. State*, 2008 WY 22, ¶ 29, 177 P.3d 807, 816 (Wyo. 2008) (recognizing that we typically require an appellant to demonstrate prejudice to prevail on a prosecutorial misconduct claim except in right to silence cases where we apply an error per se rule).

3

contends the statement amounted to a "reference" to silence which is only reversible if Mr. Patterson shows he was prejudiced. The State maintains the statement did not prejudice Mr. Patterson because there is no reasonable probability that the jury would have reached a more favorable verdict had the statement not been made.

[¶10] We agree with Mr. Patterson that the prosecutor's statement was an improper comment on his exercise of his constitutional right to remain silent. Under the Wyoming Constitution, such error is prejudicial per se and requires reversal of his conviction. Before addressing that issue, however, we take this opportunity to rectify our case law holding a "reference" to silence is not reversible absent a showing of prejudice and using prejudice factors to determine whether an improper "comment" on silence occurred. We hold that if a statement or testimony does not constitute an improper comment on a defendant's constitutional right to remain silent, then there is no error, prejudicial or otherwise. We also clarify that prejudice plays no role in determining whether an improper comment on the right to remain silent occurred.

## A.    Clarification of Our "Right to Silence" Precedent

[¶11] Article 1, section 11 of the Wyoming Constitution states in relevant part: "No person shall be compelled to testify against himself in any criminal case . . . ." We have construed this language to not only prohibit a prosecutor from commenting upon a defendant's failure to testify at trial but to also prohibit a prosecutor from commenting upon a defendant's pretrial silence to "infer [his] guilt." *Tortolito v. State*, 901 P.2d 387, 389–90 (Wyo. 1995). As we stated in *Tortolito*:

> The constitutional right to silence exists at all times—before arrest, at arrest, and after arrest; before a *Miranda* warning and after it. The right is self-executing.
>
> .    .    .
>
> Since the right to remain silent is a self-executing right, an accused is presumed to be exercising the right by his silence, pre-arrest and pre-*Miranda* when questioned by the state's agents for purposes of a criminal investigation. Accordingly, the prosecutorial use of the citizen's silence to infer the guilt of the citizen is constitutionally prohibited.

*Id.* at 390 (footnote omitted). *See also Buszkiewic v. State*, 2018 WY 100, ¶¶ 35–36, 424 P.3d 1272, 1282–83 (Wyo. 2018) ("A criminal defendant . . . has the right to remain silent when questioned by officers . . . . When a defendant refuses to speak to authorities, the prosecutor may not refer to his silence to infer that he is guilty." (citations omitted)); *Hughes v. State*, 658 P.2d 1294, 1295–96 (Wyo. 1983) ("It is a fundamental rule that it is

4

impermissible to penalize an individual for exercising his Fifth Amendment privilege to remain silent . . . . The prosecution, therefore, may not use at trial the fact that an accused remained silent or claimed his Fifth Amendment right in the face of accusation.").

[¶12] In *Clenin v. State*, 573 P.2d 844, 846 (Wyo. 1978), *overruled by Richter v. State*, 642 P.2d 1269 (Wyo. 1982), we held an improper comment on a defendant's constitutional right to remain silent is prejudicial per se and requires reversal of the defendant's conviction. Mr. Clenin testified at trial that he could not have committed the charged offense (delivery of a controlled substance) because he was at a party. *Clenin*, 573 P.2d at 844–45. During cross-examination, the prosecutor asked Mr. Clenin why he did not tell the police officers about his alibi when they questioned him after his arrest. *Id.* at 845. He responded that he did not speak to the officers after his arrest on the advice of his attorney. *Id.* We agreed with Mr. Clenin that the prosecutor's cross-examination violated his rights under the Fifth Amendment to the United States Constitution and article 1, section 11 of the Wyoming Constitution. *Id.* at 846. We rejected the State's argument that we could find the error to be "not prejudicial." *Id.* We stated that while a prejudice analysis may be appropriate under the Fifth Amendment of the United States Constitution, our constitution offered more protection:

> We hold that under [article 1, section 11] of our state constitution any comment upon an accused's exercise of his right of silence, whether by interrogation of the accused himself, or by interrogation of others inherently is prejudicial, and will entitle an accused to reversal of his conviction. Such a breach of the accused's constitutional protections is plain error and prejudicial per se.

*Id.*

[¶13] Three years after adopting the prejudicial per se rule in *Clenin*, we attempted to temper it by making a distinction between an impermissible "comment" on a defendant's constitutional right to remain silent and a mere "reference" thereto. In *Parkhurst v. State*, 628 P.2d 1369, 1372 (Wyo. 1981), the defendants fled toward Douglas, Wyoming, after they forcibly entered a home in Glenrock, Wyoming, and shot several of its occupants, killing one individual. An officer located and stopped their vehicle. *Id.* At trial, the stopping officer testified that during his roadside detention of the defendants, he "tried to ascertain or to make certain where they had been, how they had gotten there, what roads they had traveled, whether they had passed through Glenrock or not. *Some questions were answered, some weren't.*" *Id.* at 1380 (emphasis added). The officer also testified a backup officer said in a voice loud enough for the defendants to hear that "he had asked for consent to search" their vehicle and "*neither [defendant] said anything.*" *Id.* (emphasis added). The defendants argued on appeal that the officer's testimony was an improper comment on the exercise of their right to remain silent requiring reversal of their convictions. *Id.* at

5

1381. We determined the officer's testimony did not amount to an improper comment on the defendants' silence because there was no indication that the defendants' unresponsiveness amounted to an invocation of their right to silence and the prosecutor did not use their silence to the State's advantage either as an admission of guilt or to imply guilt. *Id.* at 1381–82. We found the officer's statements were "not so much statements concerning [the defendants'] silence as they [were] testimony about behavior." *Id.* at 1382. While this determination should have ended the analysis (i.e., there was no error), we went on to decide the term "comment" implies more than "a reference to the accused's silence." *Id.* We stated:

> We do not believe it is this type of situation that was envisioned by the court in *Clenin* as constituting "comment." Merely observing that the defendants had not said much is not comment. Thus, without some showing of prejudice there is no error. The trial judge was in a better position to gauge what, if any, impact such statements had on the jury, and if the defendants' silence was used against them. Absent a showing of prejudice and where the statement is not a comment upon an appellant's silence, but merely a reference to it, we will not reverse.

*Id.*

[¶14] While we did not overrule *Clenin*'s prejudicial per se rule in *Parkhurst*, we did so less than a year later in *Richter v. State*, 642 P.2d 1269, 1276 (Wyo. 1982), *overruled by Westmark v. State*, 693 P.2d 220 (Wyo. 1984). At trial, Mr. Richter testified to a different version of the events than the sexual assault victim. *Id.* at 1272. During cross-examination, the prosecutor asked Mr. Richter whether he had volunteered his version of the events to the police after his arrest. *Id.* at 1272, 1274. On appeal, we accepted the district court's determination that the prosecutor's question was an improper comment on Mr. Richter's post-arrest silence but affirmed the district court's denial of Mr. Richter's motion for a mistrial. *Id.* at 1274–75. In affirming, we overruled *Clenin*'s prejudicial per se rule and held that improper comments on a defendant's right to silence are subject to harmless error review. *Id.* at 1274–76. We concluded the prosecutor's question was harmless because there was no reasonable probability that "the error made any difference in the outcome of the trial." *Id.* at 1275. We noted (1) the district court immediately sustained defense counsel's objection to the prosecutor's question, (2) the question was not answered, (3) the jury was instructed to disregard the question, (4) there was no further mention of Mr. Richter's post-arrest silence and his silence was not exploited by the State, (5) the question was "one isolated comment [that] was ambiguous," and (6) the evidence of Mr. Richter's guilt was overwhelming. *Id.*

6

[¶15]   Our adoption of the harmless error rule in "right to silence" cases was short-lived. Two years later, in *Westmark v. State*, 693 P.2d 220, 222, 225 (Wyo. 1984), we overruled *Richter* and reinstated *Clenin*'s prejudicial per se rule in "right to silence" cases.  We held "any comment upon the accused's exercise of his or her right to remain silent is prejudicial error which will entitle the accused to a reversal of the conviction."  *Id.* at 222.  In other words, we determined an improper comment on a defendant's right to remain silent is structural error.  *See Person v. State*, 2023 WY 26, ¶ 71, 526 P.3d 61, 78 (Wyo. 2023) ("Structural error is an error so grave and fundamental that it requires automatic reversal, without regard to prejudice." (citing *Yazzie v. State*, 2021 WY 72, ¶ 13, 487 P.3d 555, 560 (Wyo. 2021))).

[¶16]   Unfortunately, even after *Westmark*, we continued to rely on *Parkhurst*'s distinction between an improper "comment" on the right to remain silent and a "reference" thereto.  In *Tortolito*, 901 P.2d at 390, we held:

> Prosecutorial violations are subject to the *Clenin* rule's mandate that failure to respect the constitutional right of the citizen-accused not to have his silence called to the jury's attention will entitle the accused to a reversal of conviction. *Westmark v. State*, 693 P.2d 220, 221–22 (Wyo. 1984), citing *Clenin*.  A reference to silence which is not a "comment" will not be reversed absent a showing of prejudice.  *Parkhurst v. State*, 628 P.2d 1369, 1382 (Wyo. 1981).

*Tortolito*, 901 P.2d at 390.  *See also, e.g.*, *Teniente v. State*, 2007 WY 165, ¶ 23, 169 P.3d 512, 523 (Wyo. 2007); *Abeyta v. State*, 2003 WY 136, ¶ 11, 78 P.3d 664, 667 (Wyo. 2003); *Spinner v. State*, 2003 WY 106, ¶ 18, 75 P.3d 1016, 1024 (Wyo. 2003).

[¶17]   We also began invoking prejudice and prejudice factors to assist in deciding whether an improper comment on the right to remain silent occurred.  In *Beartusk v. State*, 6 P.3d 138, 144 (Wyo. 2000), a police investigator testified that Mr. Beartusk answered some innocuous questions during their interview but terminated the interview when it became accusatory because "[h]e didn't want to answer any more questions."  *Id.*  The investigator also testified Mr. Beartusk called and said he would come into the sheriff's office when he returned to town, but he never came in and "never contacted" the police.  *Id.*  We concluded neither statement by the investigator "constitute[d] commentary on the invocation of the right to remain silent."  *Id.*  In arriving at that conclusion, we relied on factors usually applied to determine prejudicial error:

> The prosecutor did not ask improper questions, did not emphasize the two statements, did not follow up on them, did not refer to them during closing arguments, and did not attempt to exploit them in any way.

7

*Id.*

[¶18]   Following *Beartusk*, subsequent cases stated that to determine whether an improper comment on the right to remain silent occurred, we "consider whether the prosecutor asked improper questions, whether he emphasized or followed up on the silence issue, and whether he attempted to exploit the issue in any way." *Lancaster v. State*, 2002 WY 45, ¶ 39, 43 P.3d 80, 96 (Wyo. 2002), *overruled on other grounds by Jones v. State*, 2019 WY 45, 439 P.3d 753 (Wyo. 2019) (citing *Beartusk*, 6 P.3d at 144). *See also, e.g.*, *Teniente*, ¶ 23, 169 P.3d at 523; *Lessard v. State*, 2007 WY 89, ¶ 16, 158 P.3d 698, 703 (Wyo. 2007); *Abeyta*, ¶ 12, 78 P.3d at 667–68; *Spinner*, ¶ 19, 75 P.3d at 1024.  We also said:

> A prosecutor does not "comment" on a defendant's exercise of his right to silence where he does not attempt to use the silence to the state's advantage, where he does not argue to the jury that the silence was evidence of guilt or an admission of guilt, *and where the defendant does not show any prejudice*. *Shipman* [*v. State*], 2001 WY 11, ¶ 24, 17 P.3d [34,] 39 [(Wyo. 2001)].

*Lancaster*, ¶ 39, 43 P.3d at 96 (emphasis added).  *See also, e.g.*, *Bogard v. State*, 2019 WY 96, ¶ 29, 449 P.3d 315, 322–23 (Wyo. 2019); *Teniente*, ¶ 23, 169 P.3d at 523; *Abeyta*, ¶ 14, 78 P.3d at 668.

[¶19]   To the extent our cases distinguish between an improper "comment" on a defendant's constitutional right to remain silent, which is prejudicial per se, and a "reference" to silence, which is only reversible upon a showing of prejudice, they are overruled.  The analyses in these cases emerge from *Parkhurst* where, in an apparent attempt to soften the "harshness" of *Clenin*'s prejudicial per se rule, we created a false dichotomy between a "comment" on silence and a "reference" to silence.  That dichotomy was dicta and legally unsound.  Once we concluded in *Parkhurst* that the officer's testimony did not amount to an improper comment on the defendants' constitutional right to silence, there was <u>no error</u>.  When there is no error, there is no need to evaluate prejudice. *See Gonzalez-Ochoa v. State*, 2014 WY 14, ¶ 15, 317 P.3d 599, 604 (Wyo. 2014) ("Before we consider whether the error caused prejudice, we must first find that there was an error." (citing *Hughes*, 658 P.2d at 1296 (determining police officer's testimony did not amount to an improper comment on the defendant's right to silence; "[f]inding no error, we need not address the issues of plain error and harmless error"))).  Similarly, to the extent our cases hold that prejudice or prejudice factors are relevant to the determination of whether an improper comment on the constitutional right to silence occurred, they are overruled.  The reasoning in these cases also arises from *Parkhurst* as expanded by *Beartusk*.  Prejudice factors are not applicable to resolving the question of whether an improper comment on the constitutional right to silence has been made.

8

[¶20] We hold that a prosecutor's improper comment on a defendant's silence is prejudicial per se and will entitle the defendant to a reversal of his conviction. *Westmark*, 693 P.2d at 222. *See also Causey v. State*, 2009 WY 111, ¶ 22, 215 P.3d 287, 294 (Wyo. 2009) ("[A] prosecutor's comments on a defendant's silence are inherently prejudicial, and entitle the defendant to a reversal of his conviction."). An improper comment on a defendant's exercise of his right to silence occurs "when the prosecutor uses the silence to the state's advantage either as substantive evidence of guilt or to suggest to the jury that the silence was an admission of guilt." *Lessard*, ¶ 15, 158 P.3d at 703. To determine if a prosecutor has made an improper comment on the right to silence, "[w]e consider the entire context in which the statements were made . . . and will not take sentences and phrases out of context." *Robinson v. State*, 11 P.3d 361, 373 (Wyo. 2000). *See also Causey*, ¶ 22, 215 P.3d at 294 ("To determine if a prosecutor has made an improper comment on the right to silence, we review the record as a whole and place the prosecutor's questions and statements in the context of the entire trial."). Prejudice and prejudice factors are immaterial to determining whether an improper comment on the right to silence occurred. If the statement or testimony does not constitute an improper comment on the defendant's constitutional right to silence, there is no error, prejudicial or otherwise.[3]

## B.     The Instant Case

[¶21] We turn now to whether the prosecutor impermissibly commented on Mr. Patterson's exercise of his constitutional right to remain silent. The prosecutor began her opening statement by recounting the events of September 15, 2019. She told the jury that on that day Mr. Patterson "touched [BR's and BL's] vaginas after he had them touch his penis." She stated Detective Good was assigned the case and the twins were interviewed at the CAP center where they again claimed Mr. Patterson sexually abused them. The prosecutor told the jury that Detective Good interviewed Ms. Sandoval, Mr. Seeger, and Ms. Rich. She then stated "I will let you know a request to Mr. Patterson to discuss things was made. He declined, which is his right to do so." Mr. Patterson objected, arguing the prosecutor's statement was an improper comment on his exercise of his constitutional right to silence.

[¶22] In the district court, the prosecutor claimed she did not impermissibly comment on Mr. Patterson's exercise of his right to silence because her statement was not intended as substantive evidence of guilt or to suggest to the jury that his silence was an admission of guilt. Instead, she alleged her intent was to show that Detective Good's investigation was

---

[3] No impermissible comment occurs when a defendant chooses to speak to law enforcement or when the statement or testimony relating to defendant's silence is elicited by the defendant and not exploited by the prosecution as evidence of guilt or to imply guilt. *See, e.g.*, *Teniente*, ¶ 24, 169 P.3d at 524 (no impermissible comment where "prosecutor was pointing out what Teniente had said, not his failure to speak"); *Cazier v. State*, 2006 WY 153, ¶ 17, 148 P.3d 23, 29 (Wyo. 2006) (no error where officer's statement was not elicited by the prosecution).

complete.[4]  The prosecutor also argued in the district court that her statement was not improper because it was "a very short few-word blurb" made during opening statements, which are not evidence.[5]

[¶23]  The district court decided the prosecutor's statement was not an improper comment on Mr. Patterson's exercise of his right to silence.  It agreed with the prosecutor's stated intent:

> From where [the court] sat, it did not appear the State was attempting to use Mr. Patterson's refusal to talk to law enforcement as an admission of guilt or that the jury should consider it in any nefarious way.  [The court] cannot find that the State acted in bad faith when it made that statement . . . , and [the statement was made] to essentially cut off any argument that there was an incomplete or poorly done investigation or what have you.

It also noted the statement was brief and emphasized its curative actions—it immediately sustained Mr. Patterson's objection to the statement, instructed the jury to disregard the statement, and ordered the prosecutor to refrain from further mentioning law enforcement's attempts to contact Mr. Patterson.  The court further observed:

> [W]here I think there's some conflict or tension is in *Clenin*, . . . 573 P.2d 844.  The [Wyoming Supreme] Court has held under the Wyoming Constitution [that a prosecutor's comment on an accused's silence] amounts to structural error.  However, in determining whether something qualifies as a comment, and the way the court has done that really sounds and feels more like a weighing of whether or not the use of it or the reference to it was, in fact, prejudicial, and perhaps that's an erroneous way to read that.

---

[4] At the time the prosecutor made the statement, Mr. Patterson had yet to make his opening statement to the jury and there is no indication in the record that Mr. Patterson's defense was going to include an attack on the quality of Detective Good's investigation.

[5] The only reason the prosecutor's remarks relating to Mr. Patterson's exercise of his constitutional right to remain silent were brief was that the district court prevented any further violation of Mr. Patterson's constitutional right.  The prosecutor admitted she had planned to ask Detective Good whether he contacted Mr. Patterson and whether Mr. Patterson wished to speak with him and that she anticipated Detective Good would respond that Mr. Patterson had exercised his Fifth Amendment right to remain silent.  The prosecutor stated she would no longer ask those questions given the "direction of the [c]ourt" but "[i]t just leaves the hole of whether or not Mr. Patterson was ever contacted."

[¶24]  The district court identified the tension in our case law.  We have corrected it.  Addressing the district court's finding that the prosecutor was not attempting to use Mr. Patterson's refusal to talk to law enforcement to imply guilt, a prosecutor's subjective intent is irrelevant to determining whether a statement or testimony constitutes an impermissible comment on the defendant's right to remain silent.  The determination is made by considering the context in which the statement or testimony was made.  *Causey*, ¶ 22, 215 P.3d at 294; *Robinson*, 11 P.3d at 373.  This is an objective inquiry.  *Teniente*, ¶ 24, 169 P.3d at 524 (looking to context in which statements were made because "this Court can never know what was going through the prosecutor's mind").  The brevity of the prosecutor's statement and the fact it was limited to opening statements are factors we would weigh in determining prejudice.  *Bogard*, ¶ 72, 449 P.3d at 332 (to determine whether prosecutorial misconduct prejudiced the defendant, we look to various factors including "the severity and pervasiveness of the misconduct").  Prejudice is not relevant to the question of whether there has been an improper comment on the right to silence which is prejudicial per se.  In context, the prosecutor told the jury that all relevant players except the accused, Mr. Patterson, cooperated with law enforcement and were willing to share their side of the story, thereby implying Mr. Patterson had exercised his right to remain silent because he was guilty.  The prosecutor's statement on Mr. Patterson's refusal to meet with law enforcement was an impermissible comment on the exercise of his right to remain silent.  While the district court took curative actions, the error could not be cured.  *Gomez v. State*, 718 P.2d 53, 57 (Wyo. 1986) ("had there been any impermissible comment upon Gomez' exercise of his right of silence[,] a cautionary instruction about the state having the burden of proof and the defendant having no duty to prove anything would not address the damage which we assume such a comment causes").

## CONCLUSION

[¶25]  The prosecutor impermissibly commented at trial on Mr. Patterson's exercise of his constitutional right to remain silent.  The error is prejudicial per se.  We reverse Mr. Patterson's conviction and remand to the district court for a new trial.

11